No. 99-641

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 57

STATE OF MONTANA,

Plaintiff and Respondent,

v,

RUSSELL EUGENE WORRALL,

Defendant and Appellant.

APPEAL FROM: District Court of the Twelfth Judicial District,

In and for the County of Chouteau,

The Honorable Kenneth Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeremy S. Yellin, Attorney at Law, Fort Benton, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; John Paulson, Assistant Attorney General, Helena, Montana

Allin Cheetham, Chouteau County Attorney, Fort Benton, Montana

Submitted on Briefs: September 21, 2000
Decided: April 10, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Russell Eugene Worrall appeals from the judgment entered by the Twelfth Judicial District Court, Chouteau County, on his guilty plea to the offense of criminal manufacture or production of dangerous drugs (marijuana). Having reserved the right to do so, Worrall specifically appeals the court's denial of his motion to suppress evidence. We affirm.

¶2 The sole issue is whether the District Court erred in concluding that probable cause supported the issuance of a search warrant for Worrall's property.

¶3 We set forth the facts of this case in *State v. Worrall*, 1999 MT 55, 293 Mont. 439, 976 P.2d 968 (*Worrall I*). Briefly stated, Worrall was charged with three drug-related offenses after preteen boys reported to their parents and the Chouteau County Sheriff's Department that they had entered Worrall's property to hunt snakes and saw what they believed to be marijuana plants. A search warrant was issued for the property and the subsequent search resulted in criminal charges against Worrall. After the District Court denied his motion to suppress the evidence from the search, Worrall pled guilty to the criminal manufacture or production of dangerous drugs charge, reserving his right to appeal the court's denial of his motion to suppress.

¶4 One issue in *Worrall I* was whether the district court erred in determining Worrall had failed to prove that the application for a search warrant contained material false statements made knowingly, intentionally, or with reckless disregard for the truth. *Worrall I*, ¶ 24. The issue arose from discrepancies between the officer's statements in the application for the search warrant and the boys' testimony at the hearing on Worrall's motion to suppress. Worrall argued that the officer's statements which conflicted with the boys' testimony were false and, if they were excised from the search warrant application, insufficient information would remain to establish probable cause for the issuance of the search warrant. We adopted a new burden of proof which does not require a defendant to prove that a

person providing false information in the application for a search warrant did so knowingly, intentionally, or with a reckless disregard for the truth before those false

statements may be excised.

*Worrall I, ¶ 34. We ultimately remanded the case to allow the district court to reconsider Worrall's motion to suppress, viewing "with distrust" any of the investigating officer's statements in the application for a search warrant allegedly made by the boys but not supported by a tangible record of those statements. Worrall I, ¶¶ 55, 59.*

¶5 On remand, the parties stipulated that the District Court could decide the case based on the record from the original hearing on Worrall's motion to suppress and further briefing. In its subsequent order, the court stated it viewed with distrust the officer's recitation of what the boys told him and excised those portions of the application for the search warrant. The court noted, however, that "[n]o similar limitation is placed on the Court in evaluating the testimony of [the boys]."

¶6 The District Court found the following facts to be true:

> 1. Erik, an 11 year old boy, knew and could identify a marijuana plant. He had seen a real or false marijuana plant at his aunt's house and pictures on cigarette lighters.

> 2. Erik saw and reported to [Deputy] Burdock that there were marijuana plants growing on Worrall's property.

> 3. Erik appeared sincere when meeting with the deputy. He had not previously been in trouble in Fort Benton.

> 4. Erik voluntarily went to law enforcement in Fort Benton to report what he perceived to be criminal activity.

Based on these facts from the application for a search warrant which were consistent with the boys' testimony, the District Court concluded probable cause existed and the search warrant was properly issued. As a result, it denied Worrall's motion to suppress. Worrall appeals.

## Discussion

¶7 Did the District Court err in concluding that probable cause supported the issuance of a search warrant for Worrall's property?

¶8 A judge shall issue a search warrant upon sworn application that:

> (1) states facts sufficient to support probable cause to believe that an offense has been committed;

> (2) states fact sufficient to support probable cause to believe that evidence, contraband, or persons connected with the offense may be found;

> (3) particularly describes the place, object, or persons to be searched; and

> (4) particularly describes who or what is to be seized.

Section 46-5-221, MCA. Worrall argues that in this case the "scant" information from a juvenile citizen informant fails to establish the requisite probable cause under§ 46-5-221 (1), MCA, to believe he was committing an offense.

¶9 Probable cause must be determined exclusively from the four corners of the search warrant application and is based on a determination of whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. "Probable cause requires a determination that there is a probability of criminal activity." *State v. Kuneff*, 1998 MT 287, ¶¶ 21-22, 291 Mont. 474, ¶¶ 21-22, 970 P.2d 556, ¶¶ 21-22 (citations omitted).

¶10 In *Kuneff*, this Court made a *de novo* determination that probable cause to issue a search warrant still existed after we excised from the affidavit information deemed improper. We are not required to make such a *de novo* ruling here because in *Worrall I*, we remanded to allow the District Court to conduct a *de novo* hearing and then make a ruling on Worrall's motion to suppress. *Worrall I*, ¶ 59. In this second appeal, Worrall does not argue for any further excisions from the affidavit or that the District Court considered anything it should not have considered. Therefore, our standard of review is to determine whether there was a substantial basis for concluding that probable cause existed. *See State v. Adams* (1997), 284 Mont. 25, 35, 943 P.2d 955, 961.

¶11 Worrall compares this case to *Adams* and *State v. Rinehart* (1993), 262 Mont. 204, 864 P.2d 1219. Citing the citizen informants' information in those cases about indoor marijuana grow operations and, in *Rinehart*, about the defendant's marijuana distribution system (*Adams*, 284 Mont. at 27-28, 943 P.2d at 956-57; *Rinehart,* 262 Mont. at 209, 864

P.2d at 1221-22), he contends that, unlike the evidence in those cases, the evidence in this case does not include sufficient "probative force."

¶12 The State correctly points out that, because this case did not involve an indoor grow operation, the informants could not report details of such an operation as did the informants in *Adams* and *Rinehart*. Moreover, because the boys did not observe distribution of marijuana, they could not report distribution methods, as did the informant in *Rinehart*. Thus, while the evidence in *Adams* and *Rinehart* certainly was more extensive than the evidence here, the circumstances in those cases were significantly different. Nor does *Adams* or *Rinehart* hold-or even suggest-that the quantum or quality of the evidence therein is a prerequisite to a probable cause determination.

¶13 Returning to the case at hand, Worrall argues that statements of a mere boy--Erik--are not sufficiently reliable to serve as the sole basis for the issuance of a search warrant. This argument is refuted by our decision in *Worrall I*.

¶14 There, Worrall argued that the unproven statements of a child informant were not a sufficiently reliable basis for a search warrant. He did not, however, challenge the competency of the child informants at the suppression hearing. *See Worrall I*, ¶¶ 19-20. We stated:

> The search warrant application related that Erik personally observed marijuana plants on Worrall's property, that he recognized the plants as marijuana, and that he knew the difference between marijuana plants and tomato plants. These assertions were sufficient to demonstrate the reasonable probability that Erik's information was reliable and not merely speculative.

*Worrall I, ¶ 21. We concluded Erik's statement did not need corroboration by law enforcement officers because Erik was not an anonymous informant and the information he provided was based on personal observation, not hearsay. Worrall I, ¶ 22 (citations omitted). We held that the unproven statements of a child informant such as Erik may serve as the sole basis for issuance of a search warrant. Worrall I, ¶ 23.*

¶15 Worrall does not challenge the truthfulness of any of the remaining unexcised facts in the warrant application which the District Court considered on remand. Erik personally observed marijuana plants on Worrall's property, recognized the plants as marijuana and knew what marijuana plants looked like. That Erik appeared sincere, had not previously been in trouble, and voluntarily went to the sheriff's office to report his observations

provided the District Court with further support for the reliability of Erik's statements, which are presumed reliable in any event. *See Kuneff*, ¶ 24.

¶16 We conclude the facts determined by the District Court to be true and not disputed by Worrall, considered under all the circumstances, form a substantial basis for concluding that probable cause supported the issuance of a search warrant for Worrall's property. We hold, therefore, that the District Court properly denied Worrall's motion to suppress following its *de novo* review on remand.

¶17 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER