KENNETH J. PAWLOSKI v. STATE OF INDIANA.

[No. 476S127. Filed October 10, 1978. Rehearing denied December 20, 1978.]

*Rodney H. Bayless*, of Merrillville, for appellant.

*Theodore L. Sendak*, Attorney General, *Daniel L. Pflum*, Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted on two counts of first degree murder by arson, pursuant to IC § 35-13-4-1 [Burns 1975]. He was sentenced to life imprisonment on each count.

Appellant alleges the trial court erred in denying his pretrial motion to suppress a written confession made while in police custody.

First he contends the confession was the fruit of an illegal arrest in violation of his right against unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and Article I, Sec. 11 of the Constitution of Indiana. Arrest must be based upon probable cause. Probable cause has been defined as those facts and circumstances known to the arresting officer that would warrant a reasonable man to believe that

a crime had been committed by the suspect. *Gaddis* v. *State,* (1977) 267 Ind. 100, 368 N.E.2d 244; *Peterson* v. *State,* (1968) 250 Ind. 269, 234 N.E.2d 488. Evidence obtained in an unlawful arrest may be excluded upon proper motion by the defendant. The scope of this exclusionary rule was defined in *Wong Sun and James Wah Toy* v. *U.S.,* (1963) 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; *Mapp* v. *Ohio,* (1961) 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; *Callender* v. *State,* (1922) 193 Ind. 91, 138 N.E. 817.

In the case at bar a woman and a child were killed in a fire at the Saul Cohen Apartments at about midnight on Friday, January 17, 1975. On that night the appellant called one, James Chambers, and told him that he had set fire to the apartment building by igniting a railroad flare and throwing it in the mailbox of the building. Chambers testified that while driving home from work he saw that a fire had in fact occurred at the apartment building. He stopped and informed the investigating police officers that the appellant had called him earlier and admitted to setting off a flare in the building. Chambers was then taken to the police station where he was questioned concerning appellant's identity and probable location. The police were informed that appellant had had some legal problems with Saul Cohen. Based upon the information from Chambers, the police ordered appellant's arrest.

It must first be determined whether the information provided by Chambers was sufficient to establish probable cause or whether further corroboration of the reliability of Chambers' statement was necessary before the police were justified in ordering the appellant's arrest.

As a general rule an informant's reliability should be established before a finding of probable cause can be made. Reliability is usually shown by reference to (1) an informer's past record of reliability or (2) by extrinsic facts proving an informer's information reliable. *Bowles* v. *State,* (1971) 256 Ind. 27, 267 N.E.2d 56.

There are two major types of informants and the test for determining the reliability of each is somewhat different:

(1) Professional informants and anonymous tipsters; Generally, reliability of this category must be established by reference to underlying facts and circumstances which indicate that the information is trustworthy. Corroboration is necessitated because information of this type may be unreliable or self-serving, especially when given in return for favors such as money or leniency in possible criminal prosecution. *Whiteley* v. *Warden, Wyoming State Penitentiary,* (1971) 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; *Spinelli* v. *U.S.,* (1969) 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

(2) Cooperative citizens; This group includes victims of crime or persons who personally witness a crime. These individuals generally come forward with information out of the spirit of good citizenship and the desire to assist law enforcement officials in solving crime. They are usually one-time informants and no basis exists from prior dealings to determine their reliability. Further, information of this type usually goes to past completed crimes rather than future or continuing crimes. Some jurisdictions have therefore held that informants of this type are to be considered reliable for the purpose of determining probable cause unless incriminating circumstances exist which cast suspicion upon the informant's reliability. *Layne* v. *State,* (1975) 164 Ind. App. 486, 329 N.E.2d 612; *People* v. *Bevins,* (1976) 6 Cal. App. 3d 421, 85 Cal. Rptr. 876; *Erickson* v. *State,* (1973) Alaska, 507 P.2d 508; *State* v. *Paszek,* (1971) 50 Wis.2d 619, 184 N.W.2d 836; *People* v. *Hoffman,* (1970) 45 Ill.2d 221, 258 N.E.2d 326; *People* v. *Wolfe,* (1967) 5 Mich. App. 543, 147 N.W.2d 447. *Cf. Jaben* v. *U.S.,* (1965) 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345; *In Re Boykin,* (1968) 39 Ill.2d 617, 237 N.E.2d 460; *People* v. *Schader,* (1965) 44 Cal. Rptr. 193, 401 P.2d 665.

It should be noted that the requirement for corroboration is not totally eliminated. The amount of evidence necessary to satisfy the probable cause test is largely determined on a case-by-case basis. *Wagner* v. *State,* (1968) 249 Ind. 457, 233 N.E.2d 236.

The case at bar involves a grey area between these two types of informants. Chambers was not a victim nor had he personally observed the crime. He based his conclusion solely upon the admissions of the appellant. He testified that he felt compelled to come forward with information which might be of assistance to the police even though it acted to incriminate and betray the confidence of a friend. Further, there were no circumstances which would have placed the reliability of Chambers in question. The police therefore had sufficient probable cause to order the appellant's arrest.

It next must be determined whether the officers were justified in proceeding immediately with the arrest without a warrant. Arrest warrants are required unless probable cause exists along with exigent circumstances rendering it impractical to seek a warrant or unless a crime is committed in the presence of an officer. *Finch* v. *State,* (1975) 264 Ind. 48, 338 N.E.2d 629; *Throop* v. *State,* (1970) 254 Ind. 342, 259 N.E.2d 875; *Williams* v. *State,* (1969) 253 Ind. 316, 253 N.E.2d 242. Exigent circumstances have traditionally been found to exist when (1) a suspect is fleeing or likely to take flight to escape arrest or (2) evidence of contraband is threatened with destruction or removal unless an immediate arrest is made or (3) in cases involving hot pursuit or movable vehicles.

In the case at bar Chambers had made his statement to the police between twelve midnight and 4:00 a.m. on Saturday, January 18, 1975. Appellant's admitted acts had resulted in the death of two persons. The appellant knew that three of his friends could implicate him in

the commission of the crime. Presented with this set of facts it seems unrealistic to require the police officers to take no action until the facts could be presented to a magistrate on Monday morning in order to obtain a warrant for appellant's arrest. Under such circumstances it is certainly within human experience to believe that the appellant would either give himself up within that period of time or would flee from the jurisdiction. The police acted properly under these circumstances in apprehending the appellant without a warrant.

The appellant next argues that the confession was inadmissible in that it was given involuntarily as a result of fear and coercion. We have held that before a confession will be deemed admissible it must appear from all the circumstances to have been given voluntarily and not through inducement, violence, threats or other improper influences so as to overcome the free will of the accused. *Nacoff* v. *State,* (1971) 256 Ind. 97, 267 N.E.2d 165. The question of voluntariness is one for the trial court. A ruling on admissibility will not be disturbed on appeal when that ruling is supported by substantial evidence of probative value. This is true even though conflicting evidence is presented to the trial court on the issue of voluntariness. *Riggs* v. *State,* (1976) 264 Ind. 263, 342 N.E.2d 838; *Rogers* v. *State,* (1974) 262 Ind. 315, 315 N.E.2d 707.

In the case at bar the appellant testified that three or four detectives were present during interrogation. He stated that one detective grabbed and kicked at his chair and that because of these actions he was in fear of being beaten. He further testified that the police threatened to arrest his girlfriend, who had been in his company at the time he lit the flare at the Saul Cohen building, if he did not confess.

It should be noted that the only evidence supporting the appellant's allegations was from his own testimony. The record indicates that the appellant had been taken to the police station and fully advised of his constitutional rights

before any interrogation commenced. During the first interrogation the appellant denied any knowledge of the fire. After the interrogation the appellant was permitted to visit for several hours with his girlfriend, family and friends, Pam and Jim Chambers. During this time the Chambers' and his girlfriend gave statements to the police. After his friends and family had left, the police told the appellant that they had statements implicating him in the starting of the fire. He stated that he had started the fire in order to "look big" in front of his friends. The next day the appellant was again advised of his rights and interrogated. He signed a written waiver and gave a statement admitting the crime of arson. During this period appellant was not represented by an attorney. Testimony of an officer indicated that the appellant never requested that the interrogation cease so that he might consult with an attorney. At one point before he signed the confession the appellant asked an officer if he would recommend an attorney. The officer told him that it was against department regulations to recommend counsel to prisoners but that the appellant could get an attorney of his own or have one appointed if he so desired.

Viewing these circumstances as a whole, we find that the appellant had been fully advised of his constitutional rights before interrogation and had indicated a full understanding of those rights. He had been permitted to visit with his family and friends during the period of incarceration prior to his confession. At no time did he complain that he had been beaten or coerced into making a confession. The record therefore clearly supports the trial court's finding of voluntariness.

The appellant further argues that his confession should have been excluded because it was the product of an illegal detention. The record discloses that the appellant was arrested about 4:00 a.m. on Saturday, January 18, 1975. His confession was given approximately 30 hours later. The record does not indicate that the appellant was ever brought

before a magistrate for a probable cause determination. This failure to bring the appellant before a magistrate is the basis of his claim of illegal detention.

There is a heavy responsibility placed upon state officials to bring an arrestee before a neutral and detached magistrate without undue delay. An arrestee must be brought before a magistrate for a probable cause determination within 24 hours of being placed in custody except where Sunday intervenes, in which case the arrestee can be detained no longer than 48 hours. IC § 18-1-11-8 [Burns 1974]. A delay in bringing an arrestee before a magistrate will not render a confession inadmissible if the judge finds the delay to be reasonable and the confession voluntary. IC § 35-5-5-3 [Burns 1975]. Confessions made during the period of illegal detention will not be inadmissible solely because of the delay in bringing the arrestee before the magistrate. Rather, we have held that a delay will be only one factor to consider in determining the question of admissibility. *Murphy* v. *State*, (1977) 267 Ind. 184, 369 N.E.2d 411.

Appellant cites *Williams* v. *State*, (1976) 264 Ind. 664, 348 N.E.2d 623, for the proposition that a confession must be suppressed if the product of an illegal detention. In *Williams* we reversed a conviction on the ground that the trial court had erroneously admitted a confession given 68 hours after the defendant's arrest. The State had failed to bring the defendant before a magistrate as required by statute, and there was no indication that the confession was the product of the defendant's free will. It was therefore found to be the product of an illegal detention. We believe a proper reading of *Williams* to be that a determination of the illegality of a detention is only the first step in an analysis of whether a resulting confession should be suppressed. When the confession is the product of that detention, it must be suppressed. When, however, the confession is independent of that detention, as to be the product of the defendant's free will, it will be admissible.

Assuming *arguendo* that the detention was illegal, as not complying with IC § 18-1-11-8 [Burns 1974], we do not find that factor alone sufficient to affect the trial court's finding of voluntariness. As we have previously determined, the record supported a finding that the confession was given voluntarily and not the result of a coercive environment. Taking the circumstances as a whole, there is no indication that the causal connection between the detention and the confession was sufficient to necessitate the exclusion of the appellant's confession.

We therefore hold the trial court properly denied the appellant's motion to suppress his confession.

The appellant next claims the trial court erred in permitting the State to reopen its case in chief in order to prove *corpus delicti*. The *corpus delicti* in an arson case cannot be established by the evidence of a burning building alone, but must be supported by other evidence showing that the fire was incendiary in nature. *Simmons* v. *State*, (1955) 234 Ind. 489, 129 N.E.2d 121. The record shows that the State introduced the appellant's confession in its case in chief but presented no independent evidence to establish *corpus delicti*. The trial court so ruled but permitted the State to reopen its case to prove that the fire was the result of arson. The appellant objected to the trial court's action.

We have held that the order of proof is within the sound discretion of the trial court and will be reversed on appeal only for abuse of that discretion. *Ballard* v. *State*, (1974) 262 Ind. 482, 318 N.E.2d 798. The trial court properly ruled that the appellant's confession alone was insufficient to establish *corpus delicti* and that some independent evidence was required. *Parker* v. *State*, (1949) 228 Ind. 1, 89 N.E.2d 442. The rule requiring evidence independent of a defendant's confession is designed to avoid convictions for a crime that may not have been committed. *Dunbar* v. *State*, (1961) 242 Ind. 161, 177 N.E.2d 452.

In the case at bar the appellant has demonstrated no prejudice to his cause other than a more complete presentation of the facts relating to the crime being presented at trial. His only claim of prejudice is that the jury was permitted to consider the confession before the State introduced other evidence of *corpus delicti,* and that the State therefore breached an implied promise to bring forth that evidence in its case in chief. This Court has held however that independent evidence of *corpus delicti* need not precede a confession in all cases. *Ballard* v. *State, supra.* We therefore find no abuse of the trial court discretion in permitting the State to reopen its case.

Finally, the appellant argues that there was insufficient evidence to sustain the verdict because there was a lack of evidence of the incendiary nature of the fire. On appeal we do not weigh the evidence nor determine the credibility of witnesses, but look to the evidence most favorable to the State and will affirm a conviction if there is evidence of probative value on each element of the offense. *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229; *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776. Felony murder-arson involves the killing of a human being while perpetrating or attempting to perpetrate an arson. IC § 35-13-4-1 [Burns 1975]. Arson has been defined as the willful and malicious setting of a fire to any dwelling house. IC § 35-16-1-1 [Burns 1975]; *Hancock* v. *State,* (1971) 256 Ind. 697, 271 N.E.2d 731.

The State introduced testimony of the State's arson investigator that the fire was incendiary in nature and not caused by an electrical defect or explosion. He concluded that something had been placed in the metal mail chute in the Saul Cohen building which had burned through and fallen into a couch located underneath that chute. He testified that the mail chute was found to have a residue on it which could have come from a fuse that would have been used to ignite a flare.

361

The State also introduced the testimony of the appellant's girlfriend that she and the appellant had been driving around when he went to the Saul Cohen building. He admitted to her to having set off the flare in the mail chute of that building. Pam Chambers testified that appellant had come to her home and admitted to starting the fire. Jim Chambers testified that the appellant had called him at work on the night of January 17, 1975, and likewise had admitted to the setting of a flare at the Saul Cohen building. The testimony of these individuals was bolstered by the appellant's voluntary confession to committing the crime of arson. There was clearly sufficient evidence of the fire's incendiary nature to sustain the verdict of the jury.

The trial court is in all things affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J. concurs in result without opinion.

NOTE.—Reported at 380 N.E.2d 1280.