**Carl RICHARD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 25A05–0405–CR–243.

Court of Appeals of Indiana.

Jan. 14, 2005.

Transfer Denied March 31, 2005.

Matthew D. Barrett, Dale Allen, Allen Law Offices, Valparaiso, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Carl Richard ("Richard") was convicted of Class C felony dealing in marijuana in Fulton Circuit Court. Richard appeals his conviction arguing that the trial court abused its discretion when it admitted evidence seized during the search of his residence and outbuildings because the search warrant was not supported by probable cause. Concluding that the search warrant was supported by probable cause, we affirm.

### Facts and Procedural History

On October 13, 2003, Rochester City Police Officer Matt Campbell ("Officer Campbell") was contacted by Patty Keim ("Keim"), a counselor at Riddle Elementary School. Keim told Officer Campbell that she had been approached by a student, C.R., who told Keim that she had discovered marijuana on her father's property where she was living. Tr. p. 25. Officer Campbell proceeded to the school where he met with Keim, the school principal, and C.R.

As a result of his conversation with eight-year-old C.R., on that same day, Officer Campbell applied for a search warrant and submitted a probable cause affidavit, which provides in pertinent part:

Matt Campbell, being first duly sworn, upon his oath says the following:

1. That he is a law enforcement officer with Rochester City Police.

2. That he believes and has good cause to believe that certain things, namely marijuana and items of contraband are concealed in or upon the following described property in Fulton County, Indiana:

    2183 W 500N
    Rochester, IN 46975
    Including House and Barns and Outbuildings

3. Said items constitute evidence of the commission of the offense of Possession of Marijuana and Possession of Paraphernalia.

4. Affiant believes there is probable cause to search based upon the following facts:

Patty Keim (Riddle School Counselor) contacted me on today's date. She stated that she was approached by a student by the name of [C.R.] and told her she had been in one her barns on Friday, October 10 after school. While in the

barn she observed what she believed was marijuana. I advised Patty I would come to the school to speak with the student.

At approximately 1:00PM I went to Riddle Elementary School to speak with [C.R.], Mrs. Keim, and Mrs. Johnson (School Principal). During the interview [C.R.] again stated she had been in the barn on Friday and found what she believed was marijuana. She stated she knows what it is because she has been around it before. [C.R.] stated she was in the barn just to the east of her house with a U-shaped drive. She houses rabbits in this barn. She stated near her rabbit cages there are blue tarps and under the tarps is located several plants drying. She also stated there is a blue tub that contains camouflage bags with the same type of plant material. [C.R.] then stated that in the barn near this same barn was an upper area she gained access to by climbing a ladder. In this area she located more of the same type of plants drying.

I asked [C.R.] if they had any marijuana in the house. She stated they always had marijuana in the drawer near the stove. She stated they kept it in a white case. She then spoke of a hidden room in the basement area near the furnace room. She stated this room had bi-fold doors and then remove items from in front of the panel and then go into the dim room. She stated she had been in the room before when there were plants growing. She is not aware if there are any plants in there at this time.

Wherefore affiant requests the Court to issue a search warrant directing the search for and seizure of the above-described property.

Ex. Vol., State's Ex. 1; Appellant's App. pp. 11–12.

The warrant was issued and executed at 1:58 p.m. on October 13, 2003. During their search of the Richard property, the officers found marijuana in a kitchen drawer and master bedroom. In a "hidden room" in the basement the officers found marijuana, buckets of dirt, and plant fragments on the floor. In the barns, officers found camouflaged bags with a small quantity of marijuana inside and a barrel full of marijuana. In a second barn, they discovered a large quantity of marijuana in the loft. The net weight of the marijuana was 15.35 pounds.

On October 17, 2003, Richard was charged with two counts of Class C felony dealing in marijuana,[1] Class D felony battery, and Class A misdemeanor resisting law enforcement. On December 22, 2003, Richard filed a motion to suppress the evidence seized during the search of his house and barns. The motion was denied and Richard moved to certify the trial court's order for interlocutory appeal. The trial court denied Richard's motion to certify.

On April 6, 2004, Richard pled guilty to battery as a Class A misdemeanor and the State dismissed the resisting law enforcement charge. A bench trial commenced on that same day. The trial court found Richard guilty of both counts of Class C felony dealing in marijuana. At sentencing, the court withheld entry of judgment on one count of Class C felony dealing in marijuana and sentenced Richard to a term of six years executed on the second count of Class C felony dealing in marijuana. He was also sentenced to time served on the Class A misdemeanor battery con-

---

1. The first count alleged that Richard possessed more than ten pounds of marijuana with the intent to deliver and the second count alleged that Richard manufactured more than ten pounds of marijuana. Appellant's App. p. 8.

viction. Richard now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

■ Richard argues that the trial court abused its discretion when it admitted the evidence seized during the search of his house and barns. "The evidentiary rulings of a trial court are afforded great deference and are reversed on appeal only upon a showing of an abuse of discretion." *Reynolds v. State,* 797 N.E.2d 864, 867 (Ind.Ct.App.2003). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Pickens v. State,* 764 N.E.2d 295, 297 (Ind.Ct.App.2002), *trans. denied.*

Richard argues that the search warrant was not supported by probable cause because the probable cause affidavit did not "contain facts sufficient enough to establish eight-year-old C.R.'s credibility and basis of knowledge." Br. of Appellant at 7. Richard also contends that the affidavit did not contain sufficient information corroborating C.R.'s hearsay statements.

■ Both the Fourth Amendment of the United States Constitution and Article One, Section Eleven of the Indiana Constitution demand that no search warrant be issued unless it is supported by probable cause. "Probable cause is 'a fluid concept incapable of precise definition . . . [that] is to be decided based on the facts of each case.'" *Creekmore v. State,* 800 N.E.2d 230, 233 (Ind.Ct.App.2003) (quoting *Figert v. State,* 686 N.E.2d 827, 830 (Ind.1997)).

■ In deciding whether to issue a search warrant, " '[t]he task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Query v. State,* 745 N.E.2d 769, 771 (Ind.2001) (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). The duty of the reviewing court is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. *Id.* A "substantial basis" determination requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. *Houser v. State,* 678 N.E.2d 95, 99 (Ind.1997). A "reviewing court" for these purposes includes both the trial court ruling on a motion to suppress and an appellate court reviewing that decision. *Id.* at 98. In this review, we consider only the evidence presented to the issuing magistrate and not post hoc justifications for the search. *Query,* 745 N.E.2d at 771.

■ When a probable cause affidavit is based on hearsay, "the affidavit must either: (1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or (2) contain information that establishes that the totality of the circumstances corroborates the hearsay." Ind.Code § 35–33–5–2(b) (1998). "[T]he hearsay 'must exhibit some hallmarks of reliability.'" *Leicht v. State,* 798 N.E.2d 204, 207 (Ind.Ct.App. 2003), *trans. denied* (quoting *Jaggers v. State,* 687 N.E.2d 180, 182 (Ind.1997)).

■ Our courts have observed that there are two categories of informants: professional informants and cooperative citizens. *Clifford v. State,* 474 N.E.2d 963, 969 (Ind.1985). The test for determining the reliability of each group of informant is

different.[2] *Id.* Cooperative citizens who act as informants

"include[ ] victims of crime or persons who personally witness a crime. These individuals generally come forward with information out of the spirit of good citizenship and the desire to assist law enforcement officials in solving crime. They are usually one-time informants and no basis exists from prior dealings to determine their reliability. Further, information of this type usually goes to past completed crimes rather than future or continuing crimes. Some jurisdictions have therefore held that informants of this type are to be considered reliable for the purpose of determining probable cause unless incriminating circumstances exist which cast suspicion upon the informant's reliability."

*Id.* (quoting *Pawloski v. State,* 269 Ind. 350, 354, 380 N.E.2d 1230, 1232–33 (1978)). *See also Frasier v. State,* 794 N.E.2d 449, 457 (Ind.Ct.App.2003) ("Information gleaned from cooperative citizens who are either eyewitnesses or victims of a crime may be relied upon in determining whether probable cause exists for a search where there are no circumstances which call the informant's motives into question."). However, "the requirement for corroboration is not totally eliminated. The amount of evidence necessary to satisfy the probable cause test is largely determined on a case-by-case basis." *Pawloski,* 269 Ind. at 355, 380 N.E.2d at 1233.

■ In this case, C.R falls into the category of citizen informants and there are no incriminating circumstances which cast suspicion upon her reliability. C.R. voluntarily told her school counselor that there was marijuana on Richard's property.[3] Moreover, her young age does not render her statements unreliable. Although a child under the age of ten was formerly presumed to be incompetent, the statute setting forth that presumption was repealed in 1990. The applicable rule is now found in Indiana Evidence Rule 601, which provides, "[e]very person is competent to be a witness except as otherwise provided in these rules or by act of the Indiana General Assembly." Ind. Evidence Rule 601 (2004).

Rule 601's "failure to presumptively exclude children does not prohibit special inquiry into their competency prior to testifying when the issue is raised by a defendant." The rule "read in conjunction with the repeal of the subdivision regarding children in the witness competency statute, abandoned the previous arbitrary lines drawn regarding age, in favor of a rule which assumes competency until otherwise demonstrated by the opponent of the testimony." *Aldridge v. State,* 779 N.E.2d 607, 609 (Ind.Ct.App.2002), *trans. denied* (quoting *Burrell v. State,* 701 N.E.2d 582, 585 (Ind. Ct.App.1998)).

■ When a child is called to testify at trial, the trial court has the discretion to determine if a child witness is competent based on the court's observation of the child's demeanor and responses to questions posed by counsel and the court.

---

**2.** The reliability of hearsay from a confidential informant can be established in a number of ways, including where: (1) the informant has given correct information in the past, (2) independent police investigation corroborates the informant's statements, (3) some basis for the informant's knowledge is demonstrated, or (4) the informant predicts conduct or activities by the suspect that are not ordinarily easily predicted. *Jaggers v. State,* 687 N.E.2d 180, 181 (Ind.1997) (citation omitted).

**3.** That Richard and C.R.'s mother were involved in a contentious paternity dispute over C.R.'s sibling is not an incriminating circumstance which casts suspicion on C.R.'s reliability or calls C.R.'s motives into question.

*Haycraft v. State*, 760 N.E.2d 203, 209 (Ind.Ct.App.2001), *trans. denied* (citing *Newsome v. State*, 686 N.E.2d 868, 873 (Ind.Ct.App.1997)). A child's competency to testify at trial is established by demonstrating that he or she (1) understands the difference between telling a lie and telling the truth, (2) knows he or she is under a compulsion to tell the truth, and (3) knows what a true statement actually is. *Harrington v. State*, 755 N.E.2d 1176, 1180 (Ind.Ct.App.2001) (citing *Newsome*, 686 N.E.2d at 872).

■■■■ However, establishing a child's competency to testify at trial utilizing those three factors is required for testimony under the "beyond a reasonable doubt" standard. The issuing judge or magistrate applies a lower standard to determine whether probable cause to search exists: "whether there is a *fair probability* that contraband or evidence of a crime will be found in a particular place." *See Query*, 745 N.E.2d at 771 (emphasis added). Moreover, probable cause "may be established by evidence that would not be admissible at trial." *Lamagna v. State*, 776 N.E.2d 955, 958 (Ind.Ct.App.2002). Therefore, although a determination of a child's competency utilizing the test set forth above would assist in our review of probable cause cases involving child informants, we will not require law enforcement officers to make such a specific inquiry into a child's competency for the purposes of establishing probable cause to issue a search warrant.

Finally, although we have determined that C.R.'s age does not render her statements unreliable and that there are no incriminating circumstances that cast suspicion upon C.R.'s reliability, we must still consider whether the reasonable inferences drawn from the totality of the evidence support the determination of probable cause. Officer Campbell's affidavit reveals that after voluntarily making a statement to her school counselor, C.R. told Officer Campbell that she personally observed what she believed to be marijuana in the barn where she keeps her rabbits. She then stated that several plants of what she believed to be marijuana were located under blue tarps near her rabbit cages. C.R. also told Officer Campbell, "there is a blue tub that contains camouflage bags with the same type of plant material." Appellant's App. p. 12. C.R. stated that there is marijuana located in the upper area of a second barn and that she gained access to that area by climbing a ladder. In addition, C.R. stated that there is always marijuana in a white case in a drawer near the stove in the house. She also described a "hidden room" in the basement near the furnace room where she had seen marijuana plants growing in the past. *Id.* Finally, C.R. stated that she knows what marijuana is because she has been around it before.[4] Appellant's App. p. 11.

4. The facts of this case are similar to those in *State v. Yeomans*, 10 S.W.3d 293, 295 (Tenn. Crim.App.1999), in which a twelve-year-old juvenile informed law enforcement officials that "marijuana could be found in a black pouch under the couch of the defendants['] home." She also stated that she had seen the defendant smoking marijuana and storing marijuana throughout the residence. *Id.* Finally, the twelve-year-old explained that she knew what marijuana looked and smelled like from being around it before. *Id.* Concluding that the affidavit was sufficient to establish probable cause, the Tennessee court stated:

> [T]he juvenile stated that she was familiar with the appearance and smell of marijuana. Unfortunately, it is not unreasonable to conclude that a twelve-year-old would be familiar with marijuana.... Even though the age of the informant is certainly relevant, the mere fact that the citizen was a juvenile, age 12, does not preclude a finding of reliability.

*Id.* at 296.

We conclude that C.R.'s personal observation of the marijuana, the specificity of her statements with regard to the location of the marijuana, and her statement that she knew the appearance of marijuana from being "around it before" formed a substantial basis upon which the issuing magistrate could determine that there was a fair probability that evidence of possession of marijuana would be found in Richard's barns and residence. Accordingly, we conclude that the search warrant was supported by probable cause, and therefore, the trial court acted within its discretion when it admitted the evidence seized during the execution of the search warrant.

Affirmed.

DARDEN, J., and FRIEDLANDER, J., concur.

While we also conclude that C.R.'s age does not preclude a finding of reliability because it is not inconceivable that an eight-year-old would know what marijuana looks like, had Officer Campbell asked C.R. to describe the appearance of marijuana, this would be an easier case to resolve. *See e.g. State v. Worrall*, 304 Mont. 341, 22 P.3d 182, 183, 185 (2001) (citing *State v. Worrall*, 293 Mont. 439, 976 P.2d 968, 971 (1999) (An eleven-year-old's statements that he personally observed marijuana growing on the defendant's property, that he knew what marijuana looked like from seeing a plant at his aunt's house and pictures on cigarette lighters, and his description of the difference between marijuana and tomato plants formed a substantial basis for concluding that probable cause supported the issuance of the search warrant.)).