Patricia WILLIAMS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 18A04–0412–CR–697.

Court of Appeals of Indiana.

Nov. 28, 2005.

Transfer Denied Jan. 26, 2006.

John Quirk, Public Defender, Muncie, for Appellant.

Steve Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Following a jury trial, Appellant, Patricia Williams, was found guilty of one count

of Felony Murder[1] and one count of Arson resulting in bodily injury, a Class A felony.[2] The trial court entered judgment of conviction only upon the count of Murder. Upon appeal, Williams presents one issue: whether the State proved the *corpus delicti* of the crime of Arson before Williams's confession was admitted into evidence.[3]

We affirm.

The record reveals that on December 15, 2003, Williams and Darnell Pratcher were staying in Muncie, Indiana at a house belonging to Larry Price. When Price returned home late on the night of December 15, he found Williams and Pratcher playing cards and drinking with several other people. Being tired, Price told the other people to leave. Although Williams and Pratcher remained, the others left.[4] Price and Williams then began to argue over money, which led to Williams throwing an ashtray at Price and Price pushing Williams. The argument ended, and Williams fixed a meal for Price, Pratcher, and herself.

After the meal, Pratcher went to a bedroom to sleep. Price eventually told Williams that he wanted her to leave his house, but when Williams refused, Price left his house to go to a friend's house nearby to telephone the police. Price was unable to use the neighbor's telephone, and as he was walking back, flames and smoke were coming from his house. Price told a neighbor to call the police, and

---

1. Ind.Code § 35–42–1–1(2) (Burns Code Ed. Repl.2004).

2. Ind.Code § 35–43–1–1(a)(2) (Burns Code Ed. Repl.2004).

3. In light of double jeopardy considerations, the trial court did not enter judgment of conviction upon the jury's guilty verdict on the count of arson. The felony murder verdict was based upon the commission of the crime

of arson. Williams's attack upon the jury's verdict on the count of arson therefore indirectly attacks her conviction for felony murder.

4. Larita Prince, who was also at Price's house, testified that she remained long enough to witness the altercation between Williams and Price.

another neighbor, Kenton Burton, told him that Pratcher was still inside the burning home. Hearing Pratcher calling for help, Price and Burton tried to enter the home, but heat and smoke prevented them from doing so.

Police were dispatched to the scene at approximately 3:00 a.m. on December 16, where Price and Burton told them that they could hear Pratcher calling for help inside the home. When the fire fighters arrived, they entered the home and found Pratcher lying unconscious. Pratcher later died as a result of smoke and soot inhalation. Muncie Police Officer Rodney Frasier collected evidence from the house, but no accelerants were detected when tested. Officer Frasier did find two disposable lighters: a yellow one containing lighter fluid found on the ground outside the front door, and a blue one, with no lighter fluid and an apparently damaged striker, found inside a shoe sitting on top of a "drywall mud" container on top of a trash can near the kitchen.

Susan Lee, a special investigator for Unified Investigations and Sciences,[5] conducted an investigation of the cause and origin of the fire. Lee concluded that the fire in Price's home originated in the front bedroom and that the fire was "incendiary" in nature. Tr. at 253–54. Lee defined an "incendiary" fire as one started by "someone [who] has knowledge of what they are doing and they ... conduct some act ... that would intentionally cause a fire ...." Tr. at 223.

On March 11, 2004, the police interrogated Williams, and after being advised of her rights, Williams admitted that she started the fire at Price's house with a lighter. Williams claimed that she "snapped" and wanted to burn Price's clothes and hurt him. Williams stated that

after she set the curtains on fire, the fire spread quickly, and she then fled the house.

On March 16, 2004, the State charged Williams with felony murder and arson. A jury trial was held on September 7 through 9, 2004, at the conclusion of which Williams was found guilty as charged. At a sentencing hearing held on December 21, 2004, the trial court entered judgment of conviction only upon the count of felony murder because of double jeopardy concerns. The trial court sentenced Williams to the presumptive term of fifty-five years incarceration, with credit for time served. Williams filed a notice of appeal on December 29, 2004.

■ Upon appeal, Williams claims that the trial court erred by admitting her videotaped confession prior to the State having proved the *corpus delicti* of the crime of arson. In reviewing Williams's claim, we observe that decisions regarding the admissibility of evidence are within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Vlietstra v. State*, 800 N.E.2d 972, 974 (Ind.Ct.App.2003).

■ As explained by our Supreme Court in *Sweeney v. State*, 704 N.E.2d 86, 111 (Ind.1998), a crime may not be proved solely on the basis of a confession. There must be some other proof of the crime in order to prevent convictions upon confessions to crimes which never occurred. *Id.* In Indiana, to support the introduction of a defendant's confession into evidence, the *corpus delicti* of the crime must be established by independent evidence of both (1) the occurrence of the specific kind of injury and (2) someone's criminal act as the cause of the injury. *Id.* The independent

---

**5.** Unified Investigations and Sciences is an investigation firm which is often used by insurance companies to investigate the origin and cause of building fires.

evidence need not be shown beyond a reasonable doubt; rather, the evidence need only provide an inference that a crime was committed. *Id.* Such inference may be established through circumstantial evidence. *Id.* at 112.

In the present case, to the extent that Williams complains that the trial court admitted her confession into evidence prior to the State having established the *corpus delicti* of arson, we are unable to say that the trial court erred. In *Beal v. State,* 453 N.E.2d 190, 195 (Ind.1983), the court stated, "It generally has been held that the *corpus delicti* must first be proved before any statements or any involvement of the defendant can be introduced." The court went on to state, however, that "[t]he stringent rules of order of proof ... have been abrogated by this Court," noting that "the order of evidence is a matter to be determined in the sound discretion of the trial judge ...." *Id.* Based upon this, to the extent that Williams complains about the order of evidence, we discern no error. *See also Pawloski v. State,* 269 Ind. 350, 380 N.E.2d 1230 (1978) (no error for trial court to allow State to reopen its case-in-chief in order to establish *corpus delicti* of arson).

■ The thrust of Williams's claim, however, appears to be that the State failed to establish the *corpus delicti* of arson at all, and that the trial court therefore erred in admitting her confession into evidence. The concept of the *corpus delicti* of arson is distinct from the elements of arson. *Fox v. State,* 179 Ind.App. 267, 276, 384 N.E.2d 1159, 1166 n. 16 (1979). As charged against Williams, arson occurs when a person who, by means of fire, knowingly or intentionally damages property of another under circumstances which endanger human life, which results in bodily injury to any other person other than the defendant. *See* I.C. § 35–43–1–1. In

contrast, the *corpus delicti* of arson consists of the burning of the property in question and a criminal agency as a cause of that burning. *Fox,* 179 Ind.App. at 276, 384 N.E.2d at 1166 n. 16. With regard to the second element of the *corpus delicti* of arson, it must appear that the burning was by the willful act of some person criminally responsible and not the result of natural or accidental means. *Id.; see also Simmons v. State,* 234 Ind. 489, 493, 129 N.E.2d 121, 123 (1955) (*corpus delicti* of arson is not proved by mere proof that property burned; the law infers that the fire was the result of accident or some providential cause, rather than a criminal design, unless the evidence proves otherwise).

■ Williams refers us to *Pawloski, supra,* in which the court stated that the *corpus delicti* of arson cannot be established by the evidence of a "burning building alone, but must be supported by other evidence showing that the fire was *incendiary* in nature." 269 Ind. at 359, 380 N.E.2d at 1235 (emphasis supplied). Williams contends that there was insufficient evidence in the present case to establish that the fire in Price's house was incendiary in nature. In so arguing, Williams cites Indiana Code § 35–47.5–2–9 (Burns Code Ed. Repl.2004), which defines "incendiary" as "a flammable liquid or compound with a flash point not greater than one hundred fifty (150) degrees Fahrenheit, as determined by a Tagliabue or an equivalent closed cup device, including gasoline, kerosene, fuel oil, or a derivative of these substances." Williams admits that Lee testified that the fire at Price's house was "incendiary" in nature, but claims that the meaning of "incendiary" as used by Lee does not comport with I.C. § 35–47.5–2–9. Indeed, the State concedes that there was no evidence of accelerants found in Price's home. However, we do not agree with Williams that to the extent that *Paw-*

*loski* requires there be proof of an "incendiary" fire, that the relevant meaning of "incendiary" is found in I.C. § 35–47.5–2–9.

First, as noted by the State, Indiana Code § 35–47.5–2–1 (Burns Code Ed. Repl.2004), states that "[t]he definitions in this chapter apply throughout this article." The negative implication of this is that the definitions do not apply outside Title 35, Article 47.5, which deals with "controlled explosives." Second, and more important, is that Article 47.5 was not adopted until 2002 as part of an anti-terrorism act. *See* Acts 2002, P.L. 123–2002 § 50. When referring to "incendiary," the *Pawloski* court could not have meant the definition found in I.C. § 35–47.5–2–9.

Webster defines the word "incendiary" as an adjective as "of, relating to, or involving a deliberate burning of property ...." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1141 (1966); *see also* WEBSTER'S NEW INTERNATIONAL DICTIONARY 1256 (2d. ed.1943) (defining "incendiary" as an adjective as "of or pertaining to the malicious burning of property ...."). In the present case, Lee testified that by incendiary she meant a fire started by someone who had "knowledge of what they are doing and they ... conduct some act ... that would intentionally cause a fire ...." Tr. at 223. This is substantially compliant with the definitions given above. We therefore conclude that the State did establish that the fire at Price's house was "incendiary," in the sense of a deliberate or malicious burning, sufficient to prove the *corpus delicti* of arson.

Although acknowledging that Lee testified that there were no "natural" or "electrical" causes for the fire, Williams claims that Lee never testified as to whether the fire was "accidental" or the cause was "undetermined." This ignores the fact that Lee did testify that the fire was incendiary. In so doing, Lee was obviously not of the opinion that the fire was accidental or the cause could not be determined. Williams also briefly claims that Lee's conclusions were "unsupported." As noted by the State, however, Lee had substantial credentials as an expert in fire investigations. Other than complaining about her use of the word "incendiary," the only complaint Williams has regarding Lee is that she was hired by an insurance company. Williams does not fully develop this argument, but it appears that she is simply asking us to judge the credibility of a witness. We will not do so. *Kien v. State*, 782 N.E.2d 398, 407 (Ind.Ct.App.2003), *trans. denied.*

The judgment of the trial court is affirmed.

NAJAM, J., and RILEY, J., concur.