RUCKER, J.,
dissenting.
A tip given to police by a purported "concerned or cooperative citizen" standing alone is not sufficient in my view to justify an investigatory stop. According to the majority, a tip from this category of persons carries sufficient indicia of reliability because "[these individuals generally come forward with information out of the spirit of good citizenship and the desire to assist law enforcement officials in solving crime." Op. at 356 (quoting Pawloski v. State, 269 Ind. 350, 380 N.E.2d 1230, 1232 (1978)). Whatever validity this assertion may have as a general proposition, there is simply nothing in this record to support the notion that the caller here was so motivated. Indeed the caller provided information to the police that was patently false: that Kellems was operating a vehicle while intoxicated. -It takes little imagination to conclude that officers of the Tell City Police Department likely would not have expended resources pursuing Kel-lems solely on a claim that he was driving without a license and automobile insurance. The caller may very well have concluded likewise and decided to embellish the accusations in order to get the attention of law enforeement. In short, to suppose the caller was motivated out of civic goodwill is simply a bit of a stretch.
The person calling dispatch identified herself as "Dodie McDonald" and provided her date of birth. Based on this information the caller theoretically could have been held legally responsible if she made a false police report. But Officer Wool-dridge testified at the suppression hearing that he did not know the caller personally, although he knew "of her on different *358 calls" and knew she lived with a man named Richard. Tr. at 94. There was no evidence that the caller was honest or had provided reliable information in the past; there was no evidence revealing the basis of the caller's knowledge; and there was no evidence that the officer or dispatch ever verified the caller's identity prior to the stop. As the Court of Appeals points out, "when the officers stopped Kellems' vehicle, they did not know whether the caller was actually MeDonald, a prankster, or an imposter." Kellems v. State, 816 N.E.2d 421, 426 (Ind.Ct.App.2004). "The fact that a named caller with an untested reputation called the police does not in itself establish reasonable suspicion." State v. Glass, 769 N.E.2d 639, 643 (Ind.Ct.App.2002), trans. denied.
In this case the totality of the cireum-stances points in a direction opposite that reached by the majority. The Court of Appeals got it right, "the tip did not contain the requisite indicia of reliability." Kellems, 816 N.E.2d at 427. I therefore respectfully dissent and would reverse the trial court's denial of Kellems' motion to suppress.