RUCKER, J.,
dissenting.
After conducting an evidentiary hearing, the trial court granted Renzulli’s motion to suppress the evidence. The trial court concluded that the officers responding to the 911 call did not “establish!] an independent and objective basis to create a reasonable suspicion of criminal behavior necessary for an investigatory stop.” Appellant’s App. at 18. I agree with the trial court and therefore respectfully dissent.
This Court has previously examined a tip provided by a concerned citizen and found it sufficient to create reasonable suspicion where the caller provided additional information to police about the vehicle and its occupants which the police corroborated. See Kellems v. State, 842 N.E.2d 352, 353 (Ind.2006) (holding that a “tip from an identified informant or concerned citizen coupled mth some corroborative police investigation is sufficient to create reasonable suspicion for an investigative stop” (emphasis added)). By contrast there was minimal to no “corroborative police investigation” in this case. The sole officer testifying at the suppression hearing noted that he did not witness the vehicle make any maneuvers, other than when it began backing out of the gas station parking space just prior to being ordered to stop. The officer testified that he did not know whether other blue cars or Volkswagens were located in the parking lot of the gas station at the time Renzulli was stopped. And the officer never corroborated whether Renzulli’s car was the same car referred to by the 911 caller. Further the 911 caller identified the errant driver as “he” and obviously Renzulli is a woman.
Our standard of appellate review of a trial court’s ruling on a motion to suppress is similar to other sufficiency issues. State v. Quirk, 842 N.E.2d 334, 340 (Ind.2006). The record must disclose substantial evidence of probative value that supports the trial court’s decision. Id. We do not reweigh the evidence, and we consider conflicting evidence most favorably to the trial court’s ruling. Id. Further, when appealing the trial court’s grant of a motion to suppress, the State appeals from a negative judgment and must show that the ruling was contrary to law. State v. Augustine, 851 N.E.2d 1022, 1025 (Ind.Ct.App.2006). We will reverse a negative judgment only when the evidence is without conflict and all reasonable inferences lead to a conclusion opposite that reached by the trial court. Id. As is apparent by the majority’s exhaustive analysis, this is a close case on the facts. And because this is so, I side with the trial court. Cf. Quirk, 842 N.E.2d at 343 (affirming trial court’s denial of defendant’s motion to suppress drugs discovered in defendant’s truck following a routine traffic stop).