William HURST, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1004–CR–378.

Court of Appeals of Indiana.

Dec. 16, 2010.

Michael G. Shanley, Baker, Pittman & Page, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

William Hurst appeals the trial court's order denying his motion to suppress. Specifically, he raises a single issue for our review, namely, whether the trial court erred when it denied his motion to suppress evidence obtained upon the execution of a search warrant.

We affirm.

### FACTS AND PROCEDURAL HISTORY[1]

In August 2009, Eric Thomas reported to the Indianapolis Metropolitan Police Department ("IMPD") that his eleven-year-old daughter, who lived with her mother and Hurst, her mother's boyfriend, had texted a photograph to Thomas of marijuana in the child's home. Officer Danny Asher was dispatched to check on the child's welfare at 2839 South Oxford Street in Indianapolis, where he met with Thomas. Thomas showed the texted photograph to Officer Asher. IMPD Detective Chad Osborne then arrived at the scene and also viewed the photograph. Based on his training and experience as a narcotics detective, Detective Osborne confirmed that the substance appeared to be marijuana.

Subsequently, IMPD Detective Christopher T. Smith executed an affidavit for a search warrant at 2839 South Oxford Street. The affidavit states in relevant part:

This investigation commenced when Officer Danny Asher with IMPD Southeast District responded to a dispatched run at 2839 South Oxford Street, Indianapolis, Marion County, Indiana. The run was to check the welfare of an eleven[-]year[-]old female. The complainant Eric Thomas stated that his daughter is living at the residence with her mother and her [mother's] boyfriend. The complainant's eleven[-]year[-]old daughter who was at the residence, advised her father that there was an amount of marijuana inside the residence. Once on scene, Officer Asher advised this affiant that the eleven[-]year[-]old female took a picture of the suspected marijuana inside 2839 South Oxford Street and sent the picture via text message to Mr. Thomas who showed Officer Asher. Detective Chad Osborne arrived at 2839 South Oxford Street and observed the text message on Mr. Thomas's phone. Detective Osborne knows that [sic] through his training and experience as a narcotics detective that the substance in the picture appeared to be suspected marijuana. [Neither t]he elev-

---

1. We heard oral argument in this case on December 10, 2010, at Hamilton Southeastern High School in Fishers, Indiana. We thank counsel for both parties for their excellent advocacy and extend our appreciation to the faculty, staff, and students of Hamilton Southeastern for their fine hospitality.

en[-]year[-]old female's mother nor her boyfriend were on scene.

Appellant's App. at 46. Based on the affidavit, on August 11, a magistrate issued a search warrant authorizing law enforcement officers to search the residence located at 2839 South Oxford Street. In a search conducted under that warrant, the officers discovered marijuana.

On August 12, the State charged Hurst with one count of dealing in marijuana and one count of possession of marijuana, both as Class D felonies. On October 28, Hurst filed a motion to suppress evidence obtained upon execution of the search warrant.[2] On November 17, following a hearing on Hurst's motion, the court took the matter under advisement. On December 22, the court ruled orally on the motion as follows:

> [A]fter considering the evidence and the testimony, and I had a transcript of our hearing. It is a very unique situation and one that—I looked [at] the statute requiring—the requirements for an affidavit and when it comes down to hearsay, and when it contains hearsay the biggest thing is the officer must take steps to verify as best they [sic] can the corroboration and the information that they [sic] have presented to the magistrate and was before them [sic]. Given the circumstances—frankly I don't—I am going to deny your motion to suppress. I frankly—this was—I don't see anything else that could have been done in terms of what you want an 11[-]year[-]old girl to do when she is confronted with the facts she was confronted with. As far as reporting that to the person that they [sic] trust[,] i.e.[,] the father[,] and the father reporte[d] to the police. The issue of whether or not there is any custody issue going on, that was to the best of my knowledge not

known to the officers and also not conveyed to the magistrate, but based on the paragraph and the information contained in the search I do believe that there was enough probable cause to issue the search warrant. So I think that the steps that were taken by the officer based on the evidence and the facts confronted by them [sic] warrant the actions that they [sic] took. . . .

Appellant's App. at 52–53.

On January 13, 2010, Hurst filed a petition to certify the trial court's order for interlocutory appeal and to stay proceedings pending appeal. On January 19, the court granted Hurst's petition but also asked the parties to submit proposed findings and conclusions by February 16. On March 5, the court entered its Findings of Fact and Conclusions of Law to supplement its December 22 order on Hurst's motion to suppress. The court found, in relevant part:

> 3. The probable cause for the issuance of the search warrant was based on the information provided by cooperating citizen [sic], Eric Thomas and his eleven[-]year[-]old daughter.
>
> 4. The court held in particular that an eleven[-]year[-]old child cannot be expected to have the maturity and presence of mind to contact law enforcement officials on her own and it is entirely reasonable that, when faced with a situation which makes her fearful, she turns to her father for assistance, guidance, and protection.
>
> 5. The court further found that parents must be able to report to law enforcement the crimes which their minor children report to them, but which those parents may not have witnessed themselves.

**2.** A copy of Hurst's motion to suppress is not included in the record on appeal.

Appellant's App. at 56–57. The court concluded that Thomas had reported to police as a cooperating citizen and that cooperating citizens "are to be considered reliable for the purpose of determining probable cause. *Pawloski v. State*, 269 Ind. 350, 380 N.E.2d 1230, 1232–33 (1978)." *Id.* at 57. The court further concluded that corroborating information "can come in the form of photographs, business documents, written communications, scientific facts, court records, criminal histories, and other official records." *Id.* at 59.

On March 8, Hurst filed a second petition to certify the court's order for interlocutory appeal and to stay proceedings pending appeal, and the trial court granted the petition. And, on May 14, this court accepted jurisdiction of the appeal.

## DISCUSSION AND DECISION

Hurst contends that the warrant to search his home was not supported by probable cause. This court has set out the standard of review and law regarding probable cause to support search warrants:

> In deciding whether to issue a search warrant, the task of the issuing judge is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Query v. State*, 745 N.E.2d 769, 771 (Ind.2001) (citing [*Illinois v.*] *Gates*[, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) ]); *Hensley v. State*, 778 N.E.2d 484, 487 (Ind.Ct.App.2002). The reviewing court is required to determine whether the issuing judge had a "substantial basis" for concluding that probable cause existed. *Query*, 745 N.E.2d at 771 (quoting *Gates*, 462 U.S. at 238–39 [103 S.Ct. 2317]); *Hensley*, 778 N.E.2d at 487. A

substantial basis requires the reviewing court, with significant deference to the issuing judge's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. *Query*, 745 N.E.2d at 771; *Houser v. State*, 678 N.E.2d 95, 99 (Ind.1997). "A 'reviewing court' for these purposes includes both the trial court ruling on a motion to suppress and an appellate court reviewing that decision." *Query*, 745 N.E.2d at 771. In our review, we consider only the evidence presented to the issuing judge and may not consider post hoc justifications for the search. *Id.* (citing *Seltzer v. State*, 489 N.E.2d 939, 941 (Ind.1986)).

The Fourth Amendment to the United States Constitution, which is made applicable to the states by reason of the Fourteenth Amendment, protects citizens from unreasonable searches and seizures. *Creekmore v. State*, 800 N.E.2d 230, 233 (Ind.Ct.App.2003). The Fourth Amendment demands that no search warrant be issued unless it is supported by probable cause. *Id.* Probable cause is a fluid concept, which is decided based on the facts of each case. *Id.* " 'Probable cause to search premises is established when a sufficient basis of fact exists to permit a reasonably prudent person to believe that a search of those premises will uncover evidence of a crime.' " *Id.* (quoting *Esquerdo v. State*, 640 N.E.2d 1023, 1029 (Ind.1994)).

Probable cause to issue a search warrant cannot be supported by uncorroborated hearsay from an informant whose credibility is unknown. *Creekmore*, 800 N.E.2d at 234. I.C. § 35–33–5–2(b) requires that when a warrant is sought based on hearsay, an affidavit supporting the probable cause must either:

(1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

I.C. § 35–33–5–8 allows an exception to I.C. § 35–33–5–2 and permits a judge to receive the same information that would otherwise be included in this affidavit through sworn oral testimony.

The reliability of hearsay may be established if: (1) the informant has given correct information in the past; (2) independent police investigation corroborates the informant's statements; (3) some basis for the informant's knowledge is demonstrated; or (4) the informant predicts conduct or activities by the suspect that are not ordinarily predictable. *Jaggers* [*v. State*, 687 N.E.2d 180, 182 (Ind.1997)]; *Newby v. State*, 701 N.E.2d 593, 598 (Ind.Ct.App.1998). Depending on the facts, other considerations may come into play in establishing the reliability of the informant or the hearsay. *Jaggers*, 687 N.E.2d at 182.

*Cheever–Ortiz v. State*, 825 N.E.2d 867, 871–72 (Ind.Ct.App.2005).

Further, our Supreme Court has clarified that "although we review de novo the trial court's substantial basis determination, we nonetheless afford 'significant deference to the magistrate's determination' as we focus on whether reasonable inferences drawn from the totality of the evidence support that determination." *Jackson v. State*, 908 N.E.2d 1140, 1142 (Ind. 2009).

[T]he heart of the matter is not whether a court of review agrees or disagrees about the existence of probable cause sufficient to support the issuance of a search warrant; rather the issue is whether when viewed from a totality of the circumstances there was enough evidence before the issuing court that would allow the court to make that call.

*Id.* at 1144–45.

 Hurst contends that the trial court did not establish the reliability of the information or the credibility of the reporter before finding probable cause to issue a warrant to search his home.[3] Specifically, he observes that "[s]imply finding that the source of information was from a 'cooperating citizen' without more is directly contrary to [Indiana Code Section] 35–33–5–2(b)[.]" He further maintains that there was no corroboration of the facts reported to police. We address each contention in turn.

Hurst asserts that the trial court erred in finding that Thomas was inherently credible merely because he was a cooperating citizen. The State counters that "[t]he hearsay in the affidavit supporting the search warrant was reliable as it was provided by a cooperative citizen." Appellee's Brief at 3. We must agree with Hurst on this point. Again, the trial court concluded:

Under Indiana law, cooperating citizens are [p]resumed to be reliable because "[t]hese individuals generally come forward with information out of the spirit of good citizenship and the desire to assist law enforcement officials in solving crime. They are usually one-time informants and no basis exists for prior dealings to determine their reliability."

---

**3.** Both case law and the parties use the terms "reliability" and "credibility" in the context of Indiana Code Section 35–33–5–2 interchangeably. The statute uses "reliability" to describe information and "credibility" to describe informants. We will do likewise.

Therefore informants of this type, as opposed to confidential informants whose reliability must be established, "are to be considered reliable for the purpose of determining probable cause." *Pawloski v. State,* 269 Ind. 350, 380 N.E.2d 1230, 1232–33 (1978).

Appellant's App. at 57. But *Pawloski* does not hold that cooperating citizens are inherently credible. Instead, that case holds that, in the case of cooperating citizens, "the requirement for corroboration is not totally eliminated. The amount of evidence necessary to satisfy the probable cause test is largely determined on a case-by-case basis." *Id.* at 1233 (citing *Wagner v. State,* 249 Ind. 457, 233 N.E.2d 236 (1968)).

■ In any event, as the State conceded at oral argument, the holding in *Pawloski* no longer applies to probable cause determinations. More recently, our supreme court held:

> We noted in *Pawloski [ ]* "that the requirement for corroboration is not totally eliminated. The amount of evidence necessary to satisfy the probable cause test is largely determined on a case-by-case basis."
>
> Upon reflection, this goes a bit too far. We continue to believe that there may well be greater indicia of reliability in the report of the "concerned citizen" as distinguished from the "professional informant"—though again the totality of the circumstances controls—but this goes only to reasonable suspicion, not, as the prior cases suggest, probable cause.

*Kellems v. State,* 842 N.E.2d 352, 356 (Ind.2006) (internal citation omitted). In other words, a court determining the existence of probable cause must still determine the reliability of the information or the credibility of the "cooperative citizen" informant. To the extent the trial court concluded that Thomas was inherently credible simply because he was a cooperating citizen informant, the trial court erred.

■ We next consider Hurst's argument that the information reported by Thomas to police should have been corroborated and that the probable cause affidavit does not show that the officers did so. In particular, Hurst argues that the affidavit does not show that the officers ever spoke to the source of the report, Thomas' eleven-year-old daughter, or corroborated the information she had related to her father. We agree with Hurst that the affidavit does not indicate that the officers spoke directly with Thomas' daughter. At the suppression hearing, however, Officer Asher testified that he had also spoken to Thomas' daughter, who was present when the officer spoke to Thomas, and that the daughter had confirmed that she had taken the photograph in Hurst's home and texted the photograph to Thomas. But because these facts were not before the magistrate who issued the search warrant, we cannot consider them when determining whether there was probable cause. *See Jaggers,* 687 N.E.2d at 182 (reviewing court considers only evidence presented to issuing magistrate and not post hac justifications for the search).

Looking solely at the information before the magistrate, the affidavit states that, according to Thomas, his daughter had taken "a picture of the suspected marijuana inside 2839 South Oxford Street and sent the picture via text message to Mr. Thomas who showed Officer Asher." Appellant's App. at 46. In other words, Officer Asher viewed the text message sent from the daughter to her father, and that text message contained a photograph of what appeared to be marijuana. The photograph corroborated Thomas' report to police. Moreover, a careful reading of the affidavit shows that Officer Asher and De-

tective Osborne met Thomas at Hurst's address where Thomas showed them the texted photograph. That meeting with Thomas in person adds reliability to his report and supports a reasonable inference that Thomas had received the photograph from his daughter who was living at the residence.[4]

In sum, an eleven-year-old child reported to her father the presence of marijuana in the home she shared with her mother and her mother's boyfriend, Hurst. The father relayed that report to IMPD. An officer was dispatched to check on the welfare of the child and met Father in front of Mother's apartment. There, the officer viewed the texted photograph that the eleven-year-old had sent to her father's phone. And a detective also viewed the photograph on the phone at the scene and confirmed that it appeared to show marijuana.

This is not a case where the affiant relied only upon the opinion of an eleven-year-old child that there was marijuana present in her home. The texted photograph viewed by the officers corroborated Thomas' report, and it is a reasonable inference that the date and time information on Thomas' cell phone indicated that the picture had been taken recently. We also agree with the trial court's observation that children are likely to report suspicious activity to their parents and that parents in turn will transmit that information to law enforcement. Thus, we conclude that the photograph corroborated the hearsay. *See* Ind.Code § 35–33–5–

2(b). As such, when viewed from a totality of the circumstances, we conclude that there was sufficient evidence before the magistrate to support a finding of probable cause and that the trial court did not err when it denied Hurst's motion to suppress evidence obtained as a result of the execution of the search warrant.[5]

Affirmed.

MAY, J., and MATHIAS, J., concur.

---

4. The State gave no explanation, in its brief or at oral argument, why the probable cause affidavit presented to the magistrate did not include the fact that the officers had also spoken directly with Thomas' daughter. This was an obvious and significant fact that should have been included in the affidavit for the court's consideration prior to issuance of the warrant.

5. Because we conclude that the evidence is sufficient to have allowed the trial court to determine the existence of probable cause, we need not consider the State's argument under the good faith exception or Hurst's contention that the State waived that argument by not raising it at the trial court.