**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 30 2013, 8:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**J. ZACH WINSETT**
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KRISTI GATES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 87A01-1210-CR-484 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-1110-FD-407

**May 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Kristi Gates faces five theft and two fraud charges for crimes she allegedly committed while employed at the Warrick County Department of Parks and Recreation ("DPR"). In this interlocutory appeal, she challenges the denial of her motion to suppress evidence obtained upon the execution of two search warrants. We affirm.

The Indiana State Police began investigating Gates in May 2011 when Warrick County DPR attorney Adam Long contacted them about possible criminal activity. After gathering information from Long and Scales Lake Park Superintendent Ben Labhart, Detective Toni Walden sought a search warrant for a laptop computer on Gates's desk at the Scales Lake Park Gatehouse. The May 18, 2011 probable cause affidavit stated:

> Your affiant received the following information from Adam Long, attorney for the Warrick County Department of Parks and Recreation. Kristi Gates is an employee of Warrick County Parks and Recreation. Her office is located at the Gatehouse at Scales Lake. Scales Lake possesses a credit card machine in the Gatehouse. Mr. Long was contacted on about May 12, 2011, by a board member of the Parks Board about irregularities in the parks accounts. Superintendent Ben Labhart contacted the National Processing Company, a credit card processing company on May 16, 2011. The company noticed that credit card refunds were being credited to account number ************0291, the debit card number of Kristi Gates. The company had previously called Gates and had not been satisfied with Gates' response. I have reviewed a copy of the report and it shows 6 such transactions between December 19, 2009, and May 4, 2011. Gates comes in at 7:00 and is the first person there in the morning. All of the transactions occurred early in the day.
>
> On May 17, 2011, Amy Bedsole told Ben Labhart that Kristi Gates was not using the Parks Department Computer, but was using her personal laptop for Parks Board business. Gates is the administrative secretary, handles the budget and bookkeeping, scheduling and claims payment. Gates would be in charge of most of the financial information.

State's Ex. 1. A judge issued the search warrant, and Detective Walden seized the laptop computer the same day.

2

Detective Walden returned to the Gatehouse the next morning and spoke with employee Amy Bedsole. She then sought another search warrant, this time for documents, checks, receipts, and financial records. The May 19, 2011 probable cause affidavit included the same two paragraphs quoted above and additionally stated:

> On May 19, 2011 your affiant spoke with Amy Bedsole, who shared the office with Kristi Gates, [and Bedsole] stated she had found refund receipts from the credit card machine showing that Kristi Gates had refunded money to her debit card. She also found 2 post-it notes that had dates which corresponded to the fraudulent activity and money amounts.

Defendant's Ex. A. A judge issued the search warrant, and Detective Walden seized more evidence the same day.

The State charged Gates with five counts of theft and two counts of fraud, all as Class D felonies. Gates filed a motion to suppress evidence obtained upon execution of the May 18 search warrant. At the subsequent hearing, the trial court allowed Gates to amend her motion to request suppression of evidence obtained upon execution of the May 19 search warrant as well. Included in the evidence admitted at the hearing was a letter on Old National Bank letterhead dated May 18, 2011 and signed by Steve Smith, Vice President and Retail Manager, stating, "The ONB debit card number: ************0291 belongs to Kristi L. Gates." State's Ex. 3. The trial court denied the motion to suppress. Upon Gates's request, the court certified its order for interlocutory appeal, and this Court accepted jurisdiction.

Gates contends that the trial court should have granted her motion to suppress because the search warrants were not supported by probable cause. In deciding whether to issue a search warrant, the magistrate must make a practical, commonsense decision

3

whether, given all the circumstances presented in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Jaggers v. State*, 687 N.E.2d 180, 181 (Ind. 1997). The duty of the reviewing court is to determine whether the magistrate had a substantial basis for concluding that probable cause existed. *Id.* This requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. *Id.* at 181-82. The reviewing court for these purposes includes both the trial court ruling on a motion to suppress and an appellate court reviewing that decision. *Id.* at 182. In this review, we consider only the evidence presented to the issuing magistrate and not *post hac* justifications for the search. *Id.*

Probable cause to issue a search warrant cannot be supported by uncorroborated hearsay from an informant whose credibility is unknown. *Hurst v. State*, 938 N.E.2d 814, 817 (Ind. Ct. App. 2010). Indiana Code section 35-33-5-2(b) (2005) requires that when a warrant is sought based on hearsay, the probable cause affidavit must either:

    (1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or
    (2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

The reliability of hearsay may be established if: (1) the informant has given correct information in the past; (2) independent police investigation corroborates the informant's statements; (3) some basis for the informant's knowledge is demonstrated; or (4) the

informant predicts conduct or activities by the suspect that are not ordinarily predictable. *Hurst*, 938 N.E.2d at 818. Other considerations may also be relevant. *Id.*[1]

Here, the May 18 and 19 affidavits contained reliable information showing that Long, Labhart, and Bedsole were credible. None of them provided information anonymously. *See Jaggers*, 687 N.E.2d at 182 (noting heightened reliability concerns where affidavits rely on anonymous tipsters because such tipsters face no possibility of criminal liability for filing false police reports and thus have no incentive to be truthful). Moreover, Long was the attorney for the Warrick County DPR and Labhart was the Scales Lake Park Superintendent. Those positions would give them a basis to know who is employed at the Gatehouse, what duties they have, what hours they work, and whether they should be directing funds into their own personal accounts. Indeed, if Detective Walden had received an anonymous tip that Gates was stealing money from her employer, she would have gone to precisely these individuals to gather information. As for Bedsole, her information came from her own personal knowledge and observations. As a co-worker sharing an office with Gates, Bedsole saw the refund receipts, post-it notes, and Gates's use of her personal computer for employment purposes. Further, Detective Walden did not simply rely on the hearsay statements but personally reviewed the credit card processing company's report showing several early morning refunds to a particular card number. Contrary to Gates's assertion, Detective Walden was not required to attach the report to the affidavit; her statement under oath that she personally

---

[1] Gates provides one analysis under Indiana Code section 35-33-5-2 and another analysis under the federal and state constitutions. As the statute is a codification of the constitutional requirements regarding search and arrest warrants, *Jackson v. State*, 908 N.E.2d 1140, 1143 (Ind. 2009), we address her claims as one issue.

viewed the report was sufficient to show corroboration. *See Hurst*, 938 N.E.2d at 819-20 (sufficient corroboration where affiant stated two officers personally observed photograph of marijuana that child texted to father from child's mother's home).

Notably missing from the affidavit, however, is the factual basis for Detective Walden's knowledge that the suspicious account receiving the refunds belonged to Gates, as it is unclear that Long, Labhart, or Bedsole would have that information. Nonetheless, the remaining information in the affidavit shows that the Gatehouse had a credit card machine, Gates worked at the Gatehouse, she arrived to work before anyone else, she handled most of the financial information, there were six suspicious early morning transactions on the Gatehouse credit card machine with Account 0291, receipts from the credit card machine showed refunds to Account 0291, and information on post-it notes corresponded to the suspicious activity. We conclude that this information provides a substantial basis for concluding that probable cause existed. *See Pattison v. State*, 958 N.E.2d 11, 19 (Ind. Ct. App. 2011) (although probable cause affidavit contained stale information and uncorroborated hearsay, remaining information still established probable cause), *trans. denied.*

Even if we were to determine that the remaining information was insufficient to establish probable cause, which we do not do, the exclusionary rule does not require suppression of evidence obtained in reliance on a defective search warrant if the police relied on the warrant in objective good faith. *Jackson v. State*, 908 N.E.2d 1140, 1143 (Ind. 2009). Certain police conduct does not qualify for the good faith exception, including where: (1) the magistrate is misled by information in an affidavit that the

6

affiant knew was false or would have known was false except for his or her reckless disregard of the truth or (2) the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Id.* However, we find no reason why the good faith exception would not apply here. The affidavits were not merely bare bones statements that Detective Walden received reliable information leading her to believe that evidence of a crime would be found; instead, she set forth specific information from which an issuing court could determine, from a totality of the circumstances, that probable cause existed. Moreover, evidence at the suppression hearing included a May 18 letter from Old National Bank showing that Account 0291 belonged to Gates. Although it would have been prudent for Detective Walden to include this information in the affidavits, it is clear she did not mislead the issuing court by stating that the account belonged to Gates.

We therefore affirm the trial court's denial of Gates's motion to suppress and remand for further proceedings.

BAKER, J., and VAIDIK, J., concur.