**Robert Ray ALDRIDGE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 39A01–0203–CR–87.**

Court of Appeals of Indiana.

Dec. 9, 2002.

Transfer Denied Feb. 20, 2003.

---

Mark Wynn, Madison, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Robert Ray Aldridge appeals his conviction of child molesting, a Class A felony. We affirm.

Aldridge raises one issue for our review, which we restate as: whether the trial court abused its discretion in overruling Aldridge's objection, based on competency, to the testimony of two child witnesses.

In April of 2000, the victim's mother ("Mother") observed the four-year-old victim simulate a sex act with another child. Mother asked the victim about her behavior, and the victim told her that she had learned the behavior from her father and a man named "Bob." Aldridge, the victim's neighbor and a friend of the victim's father, was later identified as the "Bob" referred to by the victim.

Mother contacted the Jefferson County Division of Family and Children, which subsequently contacted the Indiana State Police. An investigation by these two entities revealed that the victim's five-year-old brother ("Brother") had witnessed Aldridge committing a sexual act with the victim. Aldridge was subsequently arrested and charged with two counts of child molesting.

At trial, the State called both Brother (then six-years-old) and the victim (then

five-years-old) as witnesses. The trial court allowed the two to testify over Aldridge's objection that neither was competent. Aldridge was convicted on both counts; and after the trial court merged the convictions, he was sentenced on his conviction of child molesting, a Class A felony.

On appeal, Aldridge contends that the trial court abused its discretion in allowing the two children to testify. He alleges that neither child was competent to do so.

■ A determination of a witness's competency lies within the sound discretion of the trial court and is reviewable only for a manifest abuse of that discretion. *Burrell v. State*, 701 N.E.2d 582, 584–85 (Ind.Ct. App.1998). A child under ten years old was formerly presumed to be incompetent to testify, but the statute setting forth the presumption was repealed in 1990. *Id.* at 585. Instead, Indiana Evidence Rule 601 now applies. It states that "[e]very person is competent to be a witness except as otherwise provided in these rules or by act of the Indiana General Assembly."

We have previously held that Rule 601's "failure to presumptively exclude children does not prohibit special inquiry into their competency prior to testifying when the issue is raised by a defendant." *Id.* The rule "read in conjunction with the repeal of the subdivision regarding children in the witness competency statute, abandoned the previous arbitrary lines drawn regarding age, in favor of a rule which assumes competency until otherwise demonstrated by the opponent of the testimony." *Id.* (citing *Newsome v. State*, 686 N.E.2d 868,

877–78 (Ind.Ct.App.1997) (Hoffman, J., concurring in result)).[1]

■ Our review of the trial transcript leads us to the conclusion that the trial court did not abuse its discretion in overruling Aldridge's objection that Brother was incompetent to testify at trial. Brother, in answer to the trial court's inquiries, stated that it was the truth to call a red item "red" and that it was not the truth to call a red item "green." He subsequently acknowledged that he was required to tell the truth when asked questions by the prosecutor and defense counsel. He then stated, in answer to two separate inquiries by the trial court, that he was going to tell the truth. On direct examination, Brother gave a straightforward account of Aldridge's molestation of his sister. On cross-examination, although confused by some of defense counsel's terminology, he gave no indication that he did not understand the truth. He followed cross-examination with a reaffirmation that he had told the truth on direct examination. Based upon our review of the transcript, we conclude that Aldridge failed to show that Brother was incompetent to testify.

■ Our review of the transcript also leads us to the conclusion that the trial court did not abuse its discretion in overruling Aldridge's objection that the victim was incompetent to testify at trial. Specifically, Aldridge failed to show the trial court that the victim could not distinguish between the truth and a lie or that she did not understand the need to tell the truth at trial.

The victim, when questioned by the trial court as to whether a red item was

1. *But see, Haycraft v. State*, 760 N.E.2d 203, 209 (Ind.Ct.App.2001), *trans. denied* (holding that trial courts are required to conduct their own inquiry); *Harrington v. State*, 755 N.E.2d 1176, 1181 (Ind.Ct.App.2001) (holding that the "enactment of Indiana Evidence Rule 601 did not affect previous Indiana decisions regarding the competence of children to testify"); *Newsome*, 686 N.E.2d at 872 (holding that Rule 601 should be read to require a trial court to make an inquiry into competency of a child witness).

"green," responded that it was red. When asked whether it was "wrong" to call a red item "green," she again insisted that it was red. When asked if it was "true" to say that the item was "red," the victim responded affirmatively. She also promised not to "make up stories" in answering questions in court and promised to tell the truth in response to at least four other questions. Furthermore, even throughout a vigorous cross-examination, the victim consistently maintained that Aldridge had molested her. Additionally, Mother and a case manager for the Jefferson County Division of Family and Children testified that the victim was capable of understanding the difference between telling the truth and telling a lie. Given these facts, coupled with the trial court's ability to observe the victim as she testified, we cannot say that Aldridge has met his burden of showing that the victim was incompetent to testify.

Affirmed.

KIRSCH, J., and BARNES, J., concur.