v.

STATE of Indiana, Appellee–Petitioner.

No. 49A04–1006–JV–416.

Court of Appeals of Indiana.

April 13, 2011.

Deborah Markisohn, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

D.G. appeals the trial court's true finding for what would be Class B felony child molesting if committed by an adult. We reverse and remand.

### Issues[1]

■ We address two issues, which we restate as:

I. whether the trial court properly admitted the testimony of the six-year-old alleged victim, A.S., without assessing her competency; and

II. whether there is sufficient evidence to support the finding.

### Facts

On July 12, 2009, thirteen-year-old D.G. spent the night at the house of his friend, C.K. C.K.'s mother, mother's male friend, and four younger siblings, including six-year-old A.S., who is legally blind, were also at the house. D.G.'s nickname was "Pooder." Tr. p. 7. At some point, A.S. alleged that "Pooder" came into her room that night and put his penis in her mouth.

On December 3, 2009, the State alleged that D.G. was a delinquent child for committing what would be Class B felony child molesting and Class C felony child molesting if committed by an adult. On April 14, 2010, the trial court held a fact-finding hearing. At the hearing, when A.S. was called as a witness, the prosecutor requested that her father be permitted to stand near her because she was blind and very scared. Defense counsel did not object and explained that he would speak up if he thought A.S. was being coached. Immediately after A.S. was sworn in and stated her name, defense counsel objected and a sidebar was conducted. This discussion was not recorded. At the conclusion of the sidebar, defense counsel thanked the trial court and the trial court instructed the prosecutor to continue. A.S. then testified without any assessment of her competency. At the conclusion of the hearing, the trial court entered a true finding on the Class B felony allegation and a not true finding on the Class C felony allegation.

On May 24, 2010, the trial court held a dispositional hearing and ordered D.G. to be placed on probation. On October 8, 2010, at the request of the probation department, the trial court issued an order discharging D.G. from probation and closing the case.

In the meantime, D.G. began preparing his appeal. Upon learning that the sidebar conducted during A.S.'s testimony was inaudible and could not be transcribed, D.G.'s appellate counsel filed a motion to certify the verified statement of the sidebar pursuant to Indiana Appellate Rule 31. The motion included a sworn statement of defense counsel in which he stated, "At the sidebar, I seem to recall I objected to the competency of A.S. as witness due to her

---

1. D.G. also argues he was improperly prevented from eliciting testimony from A.S. that someone else committed the offense. Because D.G. did not make an offer of proof, this issue was not properly preserved and is waived. *See Dowdell v. State,* 720 N.E.2d 1146, 1150 (Ind.1999) (concluding that the failure to make an offer of proof resulted in the waiver of the alleged error). Although the issue could arise in subsequent proceedings, we decline to address it in light of the record before us.

responses and further recall alleging the child was coached." App. p. 103. The State did not respond to this motion. On November 10, 2010, the trial court held a hearing at which the State objected to the trial court certifying the content of the sidebar based on the lack of an audible transcript. The trial court also issued a sworn statement stating it had "no recollection of what was discussed or decided during that conversation." *Id.* at 111. Defense counsel's and the trial court's statements were eventually made part of the record on appeal. D.G. now appeals the true finding.

## Analysis

### I. A.S.'s Competency

■ D.G. argues that the trial court improperly admitted A.S.'s testimony without determining whether she was competent to testify. As an initial matter, we must decide whether the issue was properly preserved. It is undisputed that the nature of D.G.'s initial objection was not recorded and could not be adequately recreated. The State argues D.G. "has waived his claim that A.S. was not a competent witness because the record does not show that he ever objected on this basis in the juvenile court." Appellee's Br. p. 6. The State asserts that defense counsel's objection could have been related to some sort of perceived coaching by A.S.'s father. The State asserts that, in light of the waiver, D.G. must show that this issue rises to the level of fundamental error.

In reviewing a post-conviction relief proceeding addressing the issue of unrecorded bench conferences during trial, our supreme court stated:

> The lack of bench conference records certainly suggests that a reviewing court should take an appropriately liberal approach to issues that might otherwise be considered waived at trial for lack of either objection or argument. It also

> justifies giving [the petitioner] the benefit of the doubt in speculating about what may have been discussed during any of the unrecorded sidebars.

*Ben–Yisrayl v. State,* 753 N.E.2d 649, 661 (Ind.2001), *cert. denied,* 536 U.S. 918, 122 S.Ct. 2382, 153 L.Ed.2d 201; *see also Steinberg v. State,* 941 N.E.2d 515, 530–31 (Ind.Ct.App.2011) ("Because the record is silent on this point through no fault of Steinberg, and given our oft-stated preference for deciding issues on their merits, we will assume for purposes of this appeal that the issue has been preserved and address Steinberg's argument"), *trans. denied.*

■ With this in mind, we take the appropriate approach to the issue of waiver and give D.G. the benefit of the doubt as to what may have been discussed during the unrecorded sidebar. Neither the State nor the trial court could say definitively that D.G. did not object to A.S.'s competency. Because the failure to record the sidebar was not D.G.'s fault, we cannot agree with the State that the issue is waived. As such, we assume that D.G. raised the issue of A.S.'s competency and address his claim on the merits.

■ Indiana Evidence Rule 601 provides, "Every person is competent to be a witness except as otherwise provided by these rules or by act of the Indiana General Assembly." "A child's competency to testify at trial is established by demonstrating that he or she (1) understands the difference between telling a lie and telling the truth, (2) knows he or she is under a compulsion to tell the truth, and (3) knows what a true statement actually is." *Kien v. State,* 866 N.E.2d 377, 385 (Ind.Ct.App. 2007), *trans. denied.* The determination as to a witness's competency lies within the sound discretion of the trial court and is reviewable only for a manifest abuse of

that discretion. *Harrington v. State,* 755 N.E.2d 1176, 1181 (Ind.Ct.App.2001). It is within the sound discretion of the trial court to determine whether a child is competent to testify based on the trial court's observation of the child's demeanor and responses to questions posed to him or her by counsel and the court. *Id.*

Here, neither the trial court nor counsel conducted any inquiry as to whether A.S. understood the difference between telling a lie and telling the truth, knew she was under a compulsion to tell the truth, or actually knew what a true statement was. Given our assumption that D.G. raised the issue during the unrecorded sidebar, the failure to assess A.S.'s competency was error.

■ We now must consider whether this error is harmless. *See Russell v. State,* 540 N.E.2d 1222, 1225 (Ind.1989) (holding that trial court's refusal to question the child witness regarding her understanding of the truth or to permit defense counsel the opportunity to question the witness was harmless error where subsequent proof at trial supplied the missing element of the preliminary determination that the witness was competent to testify). The State contends that A.S. demonstrated she knew the difference between the truth and a lie when she acknowledged her earlier testimony that a prosecutor had promised her a harp was not true and she had only been promised gum. We believe this is an oversimplification of A.S.'s testimony. On cross-examination, defense counsel questioned A.S. as follows:

Q And what do you ... What present did she offer you?

A I don't remember.

Q Was it chewing gum, or ice cream, or something?

A Chewing gum.

Q Okay. So they said when you're done today they'll give you some gun [sic]?

A Yeah.

Q Is that a yes? I can't hear you sweetie.

A Yes.

Q Okay. And did they promise you anything else?

A Yeah.

Q What else they gonna give you?

A Toy.

Q They're gonna give you a toy. Okay. Did they ... Have you told them what kind of toy yet?

A Yeah.

Q What are you gonna get?

A A harp.

Tr. pp. 25–26. On re-direct examination the State clarified:

Q [A.S.], earlier you said that Kristen promised you a harp? That's not true is it?

A Mm mm.

Q She didn't promise you anything?

A (laughing)

Q Were you just being silly?

A Yeah.

*Id.* at 43. On re-cross-examination, defense counsel asked:

Q [A.S.] did Kristen at least promise you some gum?

A Yes.

Q Yes. Anything else she promised you?

A That was it.

*Id.* at 45. Taking this exchange along with A.S.'s testimony describing the size of D.G.'s tummy, someone urinating on the floor, D.G. wearing roller skates that day, and to whom she initially reported the allegations, we question the veracity of A.S.'s testimony. We are not convinced

that the trial court's failure to assess A.S.'s competency was harmless error.

■ The State claims that if we find the trial court was required to establish A.S.'s competency,[2] the proper remedy is to remand for a hearing at which the trial court can make the competency inquiry. The State asserts that, if A.S. is found to be incompetent, then D.G. is entitled to a new fact-finding hearing. According to the State, if A.S. is found to be competent, "there would be no problem with her having testified at the earlier proceeding, and she should not be made to go through the trauma of testifying about her molestation a second time at another delinquency hearing." Appellee's Br. p. 11 n. 3. This proposed remedy, however, is inadequate because it does not account for the fact that nearly a year has passed since the April 2010 fact-finding hearing. Given A.S.'s youth, her ability to appreciate the difference between the truth and a lie today is irrelevant to whether she could do so a year ago. Because an after-the-fact assessment of A.S.'s competency is not an adequate remedy, we reverse the true finding.[3]

## II. Sufficiency of the Evidence

■ Should another hearing on the allegations be appropriate, we address the sufficiency of the evidence issues raised by D.G. "In deciding whether retrial is permissible, we consider all of the evidence admitted by the trial court." *A.A. v. State*, 706 N.E.2d 259, 264 (Ind.Ct.App.1999) (addressing the sufficiency of the evidence to support a delinquency adjudication following the determination that trial court improperly admitted the juvenile's confession into evidence). "If that evidence as a whole would have been sufficient to sustain the judgment, no double jeopardy question is presented." *Id.* at 264–65.

■ "In juvenile delinquency adjudication proceedings, the State must prove every element of the offense beyond a reasonable doubt." *A.B. v. State*, 885 N.E.2d 1223, 1226 (Ind.2008). We do not reweigh the evidence or judge the credibility of witnesses. *Id.* We consider only the evidence most favorable to the trial court's decision and the reasonable inferences to be drawn from that evidence. *K.S. v. State*, 849 N.E.2d 538, 543 (Ind.2006). "We affirm if there is substantial probative evidence to support the conclusion." *Id.*

■ D.G. argues that the State failed to prove his identity as the perpetrator.[4] D.G. argues that, because A.S. was blind and did not know him well, "proof beyond

---

**2.** In arguing that this issue is waived and did not amount to fundamental error, the State asserts that A.S. was presumed to be competent and D.G. never challenged that presumption or otherwise raised the issue of A.S.'s competency. The State contends the trial court was not required to assess A.S.'s competency sua sponte. *But see Newsome v. State*, 686 N.E.2d 868, 872 (Ind.Ct.App.1997) (requiring trial courts to conduct an inquiry into a child's competency before allowing him or her to testify). Because we assume the issue was raised by D.G., we need not address the State's argument on this point.

**3.** This case is unique in that we are asked to address a question of legal error after D.G. successfully completed probation and was discharged by the trial court. Thus, theoretically, the rehabilitative goals of the juvenile process have been achieved, leaving us to wonder what goals would be served by conducting a second fact-finding hearing. Nevertheless, because neither party raises the issue on appeal, we reserve the resolution of this question for another day.

**4.** D.G. states that he did not object to the State's failure to establish identity and claims that issue is reviewable under the doctrine of fundamental error. We believe the issue is more appropriately framed as a question of the sufficiency of the evidence and review it accordingly.

a reasonable doubt should necessitate something more than having that witness state a nickname ... to establish the element of identity in a serious crime." Appellant's Br. p. 13. Without citation to authority, D.G. also argues, "because the complaining witness's visual disability prevented her from recognizing whether the alleged molester was in fact the individual present in court; it was error not to require a positive in court identification." *Id.* at 17.

■ "Elements of offenses and identity may be established entirely by circumstantial evidence and logical inferences drawn therefrom." *Bustamante v. State*, 557 N.E.2d 1313, 1317 (Ind.1990). A.S.'s mother testified that D.G. was C.K.'s friend and that D.G.'s nickname was "Pooder." Tr. p. 7. During his own testimony, D.G. referred to himself as "Pooder." *Id.* at 67. Regarding A.S.'s ability to identify who committed the offense, she testified "Pooder" stuck his penis in her mouth. When asked how she knew it was him, A.S. described "Pooder's" tummy as a circle and C.K.'s as a rectangle. This is consistent with other evidence suggesting D.G.'s stomach was "overweight" compared to C.K.'s. *Id.* at 8. A.S. also testified that she recognized "Pooder's" voice because she had heard him talk before. *Id.* at 23. This evidence was sufficient to establish D.G.'s nickname was "Pooder" and that "Pooder," not someone else, put his penis in A.S.'s mouth.

■ D.G. also argues that A.S.'s testimony was incredibly dubious.

If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002). In support of this argument D.G. points to inconsistencies in A.S.'s physical description of him and her reference to him wearing roller skates when other evidence suggested he had not been wearing roller skates that day. D.G. also points out that A.S.'s testimony was not verified by any independent evidence.

We are assuming for the sake of this sufficiency argument that A.S. was competent to testify. The trial court must make that determination on remand. That said, acknowledging that her testimony had shortcomings, A.S.'s testimony that "Pooder" put his penis in her mouth was unequivocal. D.G.'s attacks on A.S.'s testimony go to her competency and her credibility. These are issues for the trial court to assess, not us. D.G. has not established that A.S.'s testimony was incredibly dubious.

### Conclusion

The trial court erred by not assessing six-year-old A.S.'s competency before allowing her to testify. This error was not harmless. There is sufficient evidence to permit another hearing on the allegations. We reverse and remand.

Reversed and remanded.

RILEY, J., and DARDEN, J., concur.