**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 24 2013, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| A.T., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1212-JV-980 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Geoffrey A. Gaither, Magistrate
Cause No. 49D09-1206-JD-1776

**September 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

A.T. appeals an adjudication finding him to be a delinquent child for committing child molesting,[1] an act that would be a Class C felony if committed by an adult. A.T. raises two issues for our review, which we restate as follows:

I.      Whether the juvenile court erred in overruling A.T.'s objection to a nine-year-old victim's testimony; and

II.     Whether the juvenile court erred in excluding the testimony of two late-disclosed witnesses.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the juvenile court's delinquency determination are that in 2011, A.T., a juvenile, lived with his mother, her boyfriend, and her boyfriend's two daughters, K.T. and E.T. When E.T. was in the second grade, she learned about good touches and bad touches through an elementary school program. At the conclusion of the program, E.T. signed a card indicating that she had received a bad touch. It happened when she entered A.T.'s bedroom, where he was playing a game. A.T. was sitting up in front of the television on his bed and he touched her "butt" with his "private." E.T. testified that she was wearing clothes at the time. *Tr.* at 38-49.

On July 2, 2012, the State charged A.T. with child molesting, an act that would be a Class C felony if committed by an adult. A.T. was also charged with three other offenses, which were eventually dismissed.

The juvenile court held a denial hearing on October 23, 2012. At the outset of the hearing, A.T. moved to add two new witnesses. Defense counsel, Harold Thurston

---

[1] *See* Ind. Code § 35-42-4-3.

("Thurston"), had learned about the new witnesses two days before the hearing, on a Sunday, and had notified the State the next day. However, the State's prosecutor, who had been in court all day, did not receive Thurston's message until Monday afternoon. During the denial hearing, Thurston stated that the witnesses purportedly had lived with A.T. and E.T. at the time of the allegations. Additionally, Thurston offered that, although he had not yet interviewed the new witnesses, they would testify about the veracity of E.T. and about A.T.'s relationship with her. Thurston moved to add the witnesses, the State moved to exclude them, and the trial court granted the State's motion.

During A.T.'s hearing, the State presented its evidence, including testimony from E.T. After the State had rested, Thurston argued that E.T.'s testimony was inadmissible because her competency had not been established. At the time of the hearing, E.T. was nine years old. The court overruled the objection, finding it untimely.

At the conclusion of the denial hearing, the juvenile court entered a true finding. A.T. now appeals.

## DISCUSSION AND DECISION

A.T. raises two arguments. First, he contends that his true finding of child molesting should be reversed because, as a foundational matter, neither the State nor the juvenile court asked any questions to establish the competence of the nine-year-old victim, E.T. Next, A.T. contends that the trial court abused its discretion when it excluded his two late-disclosed witnesses.

### I. Competence of E.T.

Indiana Evidence Rule 601 provides, "Every person is competent to be a witness

3

except as otherwise provided by these rules or by act of the Indiana General Assembly." In interpreting and applying Evidence Rule 601, we have observed that the rule's failure to presumptively exclude children does not prohibit special inquiry into their competency prior to testifying when the issue is raised by the defendant. *Burrell v. State*, 701 N.E.2d 582, 584 (Ind. Ct. App. 1998); *see also Aldridge v. State*, 779 N.E.2d 607, 609 (Ind. Ct. App. 2002) (noting that the current witness-competency statute "assumes competency until otherwise demonstrated by the opponent of the testimony."); *Harrington v. State*, 755 N.E.2d 1176, 1180-81 (Ind. Ct. App. 2001).

A determination of a witness's competency lies within the sound discretion of the trial court, and we review only for a manifest abuse of that discretion. *Aldridge*, 779 N.E.2d at 609. When the presumption of competence is rebutted, "[a] child's competency to testify at trial is established by demonstrating that he or she (1) understands the difference between telling a lie and telling the truth, (2) knows he or she is under a compulsion to tell the truth, and (3) knows what a true statement actually is." *D.G. v. State*, 947 N.E.2d 445, 448 (Ind. Ct. App. 2011) (citing *Kien v. State*, 866 N.E.2d 377, 385 (Ind. Ct. App. 2007), *trans. denied*).

In support of his argument opposing E.T.'s competency, A.T. points to *D.G.*, where we reversed a true finding for child molesting because "neither the trial court nor counsel conducted any inquiry" into the elements of competency listed above. 947 N.E.2d at 449. The present matter is distinguishable. In *D.G.*, defense counsel contended he had objected to the competency of the youth witness during a sidebar and that he later learned the sidebar was inaudible and could not be transcribed. *Id.* at 448.

4

Upon so learning, defense counsel made a motion, with a sworn statement as to the contents of that sidebar, which was part of the juvenile court's record. *Id.* In deciding *D.G.,* we took a liberal approach, citing precedent for giving the benefit of the doubt in speculative matters involving unrecorded sidebars. *Id.* at 449.

Here, however, there was no such unrecorded sidebar. Rather, A.T.'s counsel made no objection to E.T.'s competency before or during E.T.'s testimony. It was not until after E.T. had testified that A.T.'s counsel objected. As we have previously held, a witness, including a child witness, is presumed to be competent to testify, unless the opponent of the testimony properly raises the issue. *Aldridge*, 779 N.E.2d at 609. By not timely objecting to E.T.'s testimony, A.T. has waived his witness-competency argument.

## II. Exclusion of Late-Disclosed Witnesses

A.T. next contends that the juvenile court erred when it excluded testimony from two potential witnesses. The trial court has inherent discretionary power on the admission of evidence, and its decisions are reviewed only for an abuse of that discretion. *Vasquez v. State*, 868 N.E.2d 473, 476 (Ind. 2007) (citing *Jones v. State*, 780 N.E.2d 373, 376 (Ind. 2002)). Although wide discretion is given to the trial court, the trial court must, in making its decisions, "give substantial weight to a defendant's constitutional rights, here the right to compulsory process under the Sixth Amendment to the U.S. Constitution and Art. 1, § 13 of the Indiana Constitution." *Id*. Indeed, "Indiana jurisprudence recognizes a strong presumption to allow defense testimony, even of late-disclosed witnesses: 'The most extreme sanction of witness exclusion should not be employed unless the defendant's breach has been purposeful or intentional or unless substantial and

5

irreparable prejudice would result to the State.'"  *Id*. (quoting *Wiseheart v. State*, 491 N.E.2d 985, 991 (Ind. 1986)).

An erroneous exclusion of evidence does not require reversal, however, if the probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the defendant's substantial rights.  *Id*. at 477; *see, e.g.*, *Williams v. State*, 714 N.E.2d 644, 652 (Ind. 1999) (finding that exclusion of witness's testimony was harmless error where DNA and other evidence connected defendant to crime); *Farris v. State*, 818 N.E.2d 63, 70 (Ind. Ct. App. 2004) (finding exclusion of potential witness harmless where there was uncertainty about what witness would testify about and where evidence against defendant was otherwise strong).

As both parties have identified, our Supreme Court has provided factors that are helpful in determining whether to exclude a witness:

> (i) when the parties first knew of the witness; (ii) the importance of the witness's testimony; (iii) the prejudice resulting to the opposing party; (iv) the appropriateness of lesser remedies such as continuances; and (v) whether the opposing party would be unduly surprised and prejudiced by the inclusion of the witness's testimony.

*Vasquez*, 868 N.E.2d at 477 (quoting *Williams*, 714 N.E.2d at 651 n.5).

The trial court did not err in excluding the two late-disclosed witnesses. The witnesses were known to A.T. and his family throughout the pendency of this case and indeed had lived in A.T.'s home when the events giving rise to this action occurred, but the witnesses were not disclosed to State until the day before the Denial Hearing and well after discovery had been completed.  The complaining witness, her sister and their mother had travelled to Indianapolis from Detroit, Michigan for the Denial Hearing, and

a continuance or a bifurcation of the hearing would have been burdensome to them. The State had no opportunity to depose or take statements from the witnesses prior to the hearing. Although A.T.'s counsel indicated that the witnesses would testify as to the veracity of the victim, counsel had not yet interviewed the witnesses and referenced no specific incidents or circumstances about which the witnesses would testify. In reviewing the record, we cannot say whether the witnesses would have supported A.T.'s defense. The trial court did not abuse its discretion in excluding A.T.'s two proffered witnesses.

Affirmed.

VAIDIK, J., and PYLE, J., concur.