**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 17 2014, 10:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| C.C., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 76A03-1305-JV-184 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE STEUBEN CIRCUIT COURT
The Honorable Allen N. Wheat, Judge
Cause No. 76C01-1212-JD-465

**January 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

C.C. appeals the juvenile court's judgment that he is a delinquent child. We affirm.

ISSUE

C.C. raises one issue, which we restate as: whether there is sufficient evidence to sustain the trial court's judgment.

FACTS AND PROCEDURAL HISTORY

In November 2012, Kendra Fuller and her family planned to move from one trailer to another in a mobile home park. Fuller saw twelve-year-old C.C., who was also a resident of the park. Fuller asked C.C. for his help, promising to pay him. The next morning, a Saturday, C.C. arrived at Fuller's trailer. C.C. loaded the Fullers' children's toys and beds into their truck. When they arrived at the new trailer, C.C. helped to put the toys in a storage shed. The toys included "Nerf guns, monster trucks . . . water guns, [and] little animals." Tr. p. 7. Fuller or her husband locked the shed when they were done loading it.

On the following Monday evening, Fuller's husband went to the shed. The lock had been broken off, and many of the toys had been removed. Some were on the ground outside of the shed, broken. Fuller's husband went to confront C.C., and he admitted to breaking some of the toys. Next, the Fullers called the police. An officer arrived and spoke with C.C. at his home. Afterwards, the officer returned one of the Fullers' Nerf toys that belonged to them. *Id.* at 10-11, 29, 50. The gun was broken, and the Fullers found another part of the gun in their yard.

2

A week later, Fuller went to the trailer park's office, and C.C. was there. Fuller described her interaction with C.C. as follows:

> He gave me a dirty look. I said "why are you giving me a dirty look?" and he said "because you called the cops on me." And . . . I said "well, you stole my son's stuff and you broke it." And then he said "oh well." And then I said "that's all you have to say?" and he said "I ain't gonna get in trouble for it."

*Id.* at 12-13.

The State filed a Petition Alleging Delinquency against C.C., asserting that he had committed an act which, if committed by an adult, would be Class D felony theft. The juvenile court held an evidentiary hearing. After the hearing, the court issued a true finding determining that C.C. was a delinquent child and a subsequent order addressing C.C.'s placement. This appeal followed.

## DISCUSSION AND DECISION

C.C. argues that there is insufficient evidence to show that he committed theft of the Fullers' toys. When we review sufficiency of the evidence claims with respect to juvenile adjudications, we neither reweigh the evidence nor judge the credibility of the witnesses. *J.D.P. v. State*, 857 N.E.2d 1000, 1010 (Ind. Ct. App. 2006), *trans. denied*. Rather, we consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.*

"Elements of offenses and identity may be established entirely by circumstantial evidence and logical inferences drawn therefrom." *D.G. v. State*, 947 N.E.2d 445, 451 (Ind. Ct. App. 2011) (quoting *Bustamante v. State*, 557 N.E.2d 1313, 1317 (Ind. 1990)).

3

"Circumstantial evidence is no different than other evidence for this purpose, and standing alone may sufficiently support a conviction." *K.F. v. State*, 961 N.E.2d 501, 506 (Ind. Ct. App. 2012) (quoting *R.L.H. v. State*, 738 N.E.2d 312, 315 (Ind. Ct. App. 2000)), *trans. denied*.

In order to obtain a true finding for an act that would constitute Class D felony theft if committed by an adult, the State is required to prove that a juvenile (1) knowingly or intentionally (2) exerted unauthorized control (3) over property of another person (4) with intent to deprive the other person of any part of its value or use. Ind. Code § 35-43-4-2 (2009).

In this case, the following evidence establishes that C.C. committed theft of the Fullers' toys: (1) C.C. helped to put the toys into the shed; (2) approximately two days later, when Fuller's husband discovered the break-in and confronted C.C., he admitted to breaking some of the toys; (3) after speaking with C.C., the investigating officer returned a broken Nerf gun that belonged to the Fullers, and another part of the gun was still in the Fullers' yard; and (4) C.C. did not disagree with Fuller when she accused him of stealing the toys, merely saying "oh well" and then asserting that he would not get in trouble for it. This evidence, when considered as a whole, would allow a reasonable trier of fact to conclude beyond a reasonable doubt that C.C. committed theft of the Fullers' property. *See K.F.*, 961 N.E.2d at 509 (finding sufficient evidence to sustain a juvenile adjudication for theft where K.F. admitted to being on the property on the day in question and some of the stolen property was later found at the home of K.F.'s friend).

C.C. argues the juvenile court excluded all evidence of the police officer returning the broken Nerf gun to the Fullers. We disagree. The court, upon C.C.'s objection, excluded a police officer's testimony about his interview of C.C. and his return of the Nerf gun to the Fullers. However, the Fullers testified without objection that the officer had returned the toy gun belonging to them. The Fullers' testimony was properly admitted and considered by the court.

C.C. also points to testimony that he had obtained the Nerf gun by trading toys with the Fullers' children. The Fullers' children were ages six and four at the time of the incident, and it appears from the record that the six-year-old had a mental impairment. In addition, C.C. did not provide correct names for the children. C.C.'s claim is a request to reweigh the evidence, which our standard of review forbids.

CONCLUSION

For the reasons stated above, we affirm the judgment of the juvenile court.

Affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.